MRS. DORA MARTIN ET AL V. HONORABLE GEORGE H. SHEPPARD, COMPTROLLER, ET AL.

No. A-1040. Decided April 16, 1947.
Rehearing overruled May 21, 1947.
(201 S. W., 2d Series, 810.)

*E. B. Pickett, Jr.,* and *Bradford Pickett,* both of Liberty *Powell, Wirtz, Rauhut & Gideon,* and *J. A. Rauhut,* all of Austin, for relators. .

The district court of Liberty County, Texas, had jurisdiction to hear the cause and render the judgment in the case here involved, and such judgment is res adjudicata of all matters herein and is not subject to collateral attack. And the appropriation of the amount for which the action is brought is a legal obligation against the State, and the judgment itself constituted a pre-existing law within the meaning of the Constitution. Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063; Long v. Martin, 116 Texas 135, 287 S. W. 495; Betts v. Johnson, 96 Texas

360, 73 S. W. 4; State Banking Bd. v. Winters State Bank, 13 S. W. (2d) 391.

*Grover Sellers,* former Attorney General, Sulphur Springs, *Douglas E. Bergman,* former assistant attorney general, of Dallas, *Geo. W. Barcus,* former assistant attorney general, of Austin, *Price Daniel,* Attorney General, *Fagan Dickson* and *Charles E. Crenshaw,* assistants attorney general, all of Austin, for respondents.

In answer to relators contentions, cite: Gorham v. State, 139 Texas 361. 162 S. W. (2d) 934; Long v. Martin, 112 Texas 365 247 S. W. 827; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084. Texas Emp. ass'n v. Cook, 55 S. W. (2d) 205.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

The purpose of this original proceeding is the collection of a judgment held by relators against the State. The 44th Legislature, 1935, at its regular session, passed an enabling act granting to Mrs. Dora Martin and her five children permission to bring suit against the State in the district court of Liberty County for damages for injuries resulting in the death of A. J. Martin, husband of Mrs. Martin and father of her children, while on duty in the employ of the State Highway Department, Acts of 44th Leg. Ch. 217, p. 511. Thereafter, suit was instituted in that court by Mrs. Martin and her children against the State resulting in a judgment in favor of her and two of her children, Buster and Jack Martin, for damages in the sum of $12,-500.00, apportioned by the jury between the three of them. The 49th Legislature, 1945, passed a special act (Ch. 263, p. 410) setting forth in full the judgment of the district court of Liberty County and appropriating money from the State Highway fund in the State Treasury, not otherwise appropriated, to pay same. The act authorized and directed the Comptroller of Public Accounts to issue warrants on the State Treasury for the satisfaction of such judgment. Upon the advice of the Attorney General that the judgment was void and that the appropriating act was unconstitutional, the Highway Commission refused to approve the claim sand the Comptroller refused to issue the warrants, whereupon this action was instituted in this court by Mrs. Martin and her two sons, the judgment creditors, to compel by mandamus the Highway Commission to approve their claims and the Comptroller to issue warrants in payment of their judgment with interest as provided therein.

It is disclosed by the record that the judgment rests upon a finding of negligence on the part of an employee of the Highway Department. In the trial court the State filed demurrers, a motion for an instructed verdict and a motion for judgment non obstante veredicto, each presenting the contention that neither the State nor its agency, the Highway Commission, was liable for personal injuries arising from the negligence of an employee. The trial court overruled these demurrers and motions and entered judgment upon the verdict. The State gave notice of appeal, but did not file its record within the time prescribed by law. It then sought to bring the case to the appellate court by writ of error, but the writ was dismissed on motion of relators and the cause was affirmed on certificate by the Court of Civil Appeals, State v. Martin, 107 S. W. (2d) 1089, (error dismissed).

■ The State takes the position that the judgment of the trial court is void. If that court did not have jurisdiction, both of the parties and of the subject matter of the litigation the judgment is void and subject to attack in this collateral proceeding. If, on the other hand, the court had jurisdiction of the parties and the subject matter, the judgment is not void, however erroneous it may be. The State is not liable for the negligence of its employee while engaged in the performance of a governmental function, unless it has expressly assumed such liability. Martin v. State, 88 S. W. (2d) 131, (error refused) ; Brooks v. State, 68 S. W. (2d) 534; (error refused) ; State v. Flowers, 94 S. W. (2d) 193.

■■ Section 3 of the enabling act reads as follows:

"That such suit upon said cause of action shall be determined in the trial and appellate courts, according to the same rules of law and procedure as to liability and defense that would be applicable if such were against an ordinary Texas corporation."

Upon the authority of State Highway Department v. Gorham, 139 Texas 361, 162 S. W. (2d) 934, we held that this section is violative of section 3 of Texas Bill of Rights, which provides that all men shall have equal rights. It probably offends against other provisions of the Constitution, but no purpose would be served by discussing that question, for granting the invalidity of that particular section, it does not necessarily follow that the judgment is void. We have adopted the rule that, "Where the unconstitutitionality of a statute goes only to the merits of the cause of action, and not to the jurisdiction of the

court, a judgment in a civil suit based thereon is not void but merely erroneous, and remains effective until regularly set aside or reversed." Commonwealth of Massachusetts v. Davis, 140 Texas 398, 168 S. W. (2d) 216. The unconstitutionality of Section 3 went only to the merits of the cause of action.

■ And, further, it is provided in Section 5 of the act that, if any paragraph, clause, or provision thereof should be held to be invalid or unconstitutional, the validity of the other provisions of the act shall not be affected thereby. Striking from the act the third section, there remains an express permission granted to relators to bring suit in the district court of Liberty County · for damages on account of the injuries sustained by A. J. Martin which resulted in his death and the further provision that process might be served upon the Governor and the Attorney General. It cannot be questioned that the legislature had the power to grant relators permission to sue the State and to provide the manner of service. By virtue of that act and by the service of process and the appearance of the State through its Attorney General, the court clearly acquired jurisdiction of the parties to the litigation.

■ The subject matter of the litigation was a claim for damages in the sum of $30,000, an amount within the jurisdiction of the district court. That court had jurisdiction to pass upon the demurrers urged by the State to the petition and upon the motions of the State for an instructed verdict and for judgment non obstante veredicto. Had the court sustained the demurrers or granted the motions, or either of them, there would have been no qustion of the validity of its judgment. Since it had the power to sustain the demurrers and grant the motions, it had the power to overrule them. The jurisdiction of a court must be determined, not upon the court's action in deciding the questions presented in a case, but upon the character of the case itself. Jurisdiction is the power to decide, and not merely the power to decide correctly. Security Trust Co., v. Lipscomb County, 142 Texas 572, 180 S. W. (2d) 151; Commonwealth of Massachusetts v. Davis, supra. We overrule the contention that the judgment of the trial court in the suit for damages is void for want of jurisdiction of the trial court.

■ The State advances this proposition: "In a mandamus suit against a public body on a money judgment, the court may refuse the writ if it appears from the face of the record that the judgment rests upon no cause of action whatsoever." As we

shall point out below, this proposition is not wholly lacking in support by respectable authority. The general rule, however, is that a money judgment rendered by a court having jurisdiction of the parties and of the subject matter of the suit against a public body is conclusive in a mandamus proceeding to enforce it of all matters litigated in the original action. Many cases applying this general rule are collated in an annotation in 155 A. L. R. pp. 464-494. It is the established rule in Texas. Harkness v. Hutcherson, 90 Texas 383, 38 S. W. 1120; City of Sherman v. Langham, 92 Texas 13, 40 S. W. 140, 42 S. W. 961, 39 L. R. A. 258. In the Harkness case, a school teacher recovered a judgment in a justice court against a school board. Later he brought an action in the district court for mandamus to compel the board to issue a warrant for its payment. The case reached this court upon certified questions, in answer to which it was held that plaintiff had no cause of action whatever against the trustees. Notwithstanding that holding, and in full recognition of the fact that trustees of school districts act under very restricted powers and have control of a fund which the law jealously guards, this court upheld the right of the teacher to have the writ of mandamus issued, holding that "In a mandamus proceeding to enforce the collection of a judgment it is conclusive as to all matters that might have been urged by way of defense in the tribunal in which it was entered."

■ In the Langham case a state of facts somewhat similar to that in the instant case existed and the holding of the court on this question is reflected by this language taken from the opinion on rehearing:

"We only deem it necessary to notice two of the grounds for rehearing. The first seeks to question the validity of the orginal cause of action. This was settled adversely to the city by the rendition of the original judgment, and the question cannot be raised collaterally in this proceeding to enforce such judgment by mandamus."

Our conclusion on this point is that we are not authorized to deny the mandamus on the ground that relators' judgment was not based upon any cause of action against the State. The same record which discloses that the judgment was not authorized by the pleadings and findings discloses also that the trial court ruled upon the sufficiency of the pleadings, the evidence, and the findings, and, since it had the jurisdiction to do so, its rulings thereon cannot be challenged in this proceeding.

In support of its proposition, the State relies primarily upon Taxing District of Brownsville v. League, 129 U. S. 493, 9 Sup. Ct. 327, 32 L. Ed. 780, and Laycock v. Hidalgo County Water Control & Improvement District No. 12, State of Texas, Intervenor, 142 Fed. (2d) 789. The latter case is similar to and follows the former. These cases are clearly distinguishable from the instant one. In the League case it was sought to compel the levy of a tax to provide a fund for the discharge of a judgment when there was no authority for the levy of the tax. In the instant case the fund has already been provided by the Legislature. This court in Harkness v. Hutcherson, supra, considered that case and ruled that there was a clear distinction between it and cases like the instant one. This language is taken from that opinion:

"In Commissioners v. League, 129 U. S. 493, 9 Sup. Ct. 327, there is a seeming qualification of the rule (that the court cannot look behind the judgment, in a mandamus proceeding to enforce its collection), but in that case—which was for a mandamus to compel a tax levy to pay a judgment rendered upon coupons to certain bonds—it was merely held that when it is necessary for the relator to go behind his judgment to show authority for a levy for taxes for its payment, and it appears that there was no law authorizing the creation of the debt, and none to levy a tax for the particular purpose, a levy will not be compelled."

It appears that the contention of the State has some support in a case from the Supreme Court of Georgia and two cases from the Supreme Court of Oklahoma, Brunson v. Caskie, 127 Ga. 501, 56 S. E. 621; State ex rel Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 Pac. (2d) 198; Maroney v. State, ex rel Southern Surety Co., 168 Okla. 69, 31 Pac. (2d) 926. Those decisions are contrary to the clear weight of authority and the rule of decision in this State as declared in the authorities above cited.

■ There remains for decision only the question of whether a valid appropriation was made by the 49th Legislature for the payment of the judgment in this case. As pointed out above, the act authorized the issuance of warrants for the payment of the judgment "out of the State Highway fund in the State Treasury not otherwise appropriated." In the residual or general appropriations clause of the regular biennial appropriation act of

1945, (Acts of the 49th Legislature, Regular Session, Ch. 378, p.869) is this general provision:

"All revenues, fees, and grants in aid received for credit to the State Highway Fund during the biennium beginning September 1, 1945, together with the balance of such funds on hand at the beginning of each year of the biennium, are hereby appropriated for the payment of the specific appropriations herein made for the State Highway Department and the Department of Public Safety, and for the establishment of a system of State Highways and the planning, construction, and maintenance thereof, as contemplated and set forth in Chapter 1, Title 116, and Chapter 186, General Laws of the Regular Session of the Thirty-ninth Legislature, and amendments thereto. Provided, however, that an amount not to exceed One Hundred Seventy-five Thousand ($175,000.00) Dollars is hereby appropriated for the Certificate of Title Division."

In one of the briefs filed here in behalf of the State, the contention was made that because of the above provision there remained no unappropriated money in the State Treasury belonging to the State Highway Department against which the Comptroller could draw warrants for the payment of the Liberty County judgment. This contention is not sustained. Acts of the same session of the legislature should be construed together as if embodied in one single act. Cain v. State, 20 Texas 355; Wright v. Broeter, 145 Texas 142, 196 S. W. (2d) 82; State v. Dyer, 145 Texas 586, 200 S. W. (2d) 813. Considering these two acts as one, no inconsistency between them is disclosed. The residual clause appropriated money not otherwise appropriated to some other specific purpose. The act directing the payment of relators' judgment should be construed as one of such specific purposes.

It is our conclusion that relators are entitled to the relief sought. Writ will therefore be issued in accordance with the prayer of their petition.

Opinion delivered April 16, 1947.