Overruled by
H-1026

Affirmed By
C-602

See H-496

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 12, 1948

Hon. Lyle V. Timmins
County Attorney
Willacy County
Raymondville, Texas

Opinion No. V-496.
Re: Constitutionality of Articles
60a, 60a-1 and 60a-2, V.C.C.P.

Dear Sir:

You have requested this office to reconsider the holding in Attorney General's Opinion No. O-6940, wherein it held H. B. 342, Acts of the 48th Legislature, p. 424 - 425 (Articles 60a, 60a-1 and 60a-2, V. C. C. P.) unconstitutional. The Act in question reads as follows:

"Sec. 1. No person shall be tried in any misdemeanor case in any Justice Precinct Court except in the precinct in which the offense was committed, or in which the defendant resides; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified Justice Precinct Court, then trial shall be had in the next adjacent precinct in the same county which may have a duly qualified Justice Precinct Court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason of all Justices of the Peace in the precinct in the same county, having a duly qualified Justice of the Peace; provided that, upon agreement between the attorney representing the State and each defendant or his attorney, which said agreement shall be reduced to writing, signed by said attorney representing the State and each defendant or his attorney, and filed in the Justice Court in which such misdemeanor case is pending, the Justice of the Peace before whom such case is pending may, in his discretion, transfer such cause to the Justice Court of any other precinct in the same county, named in such agreement; provided that in any misdemeanor case in the Justice Court in which two (2) or more defendants are to be tried jointly, such case may be tried in a Justice Court of the precinct where the offense was committed, or where any of the defendants reside.

"Sec. 1-A. No Constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the Minutes of the County Commissioners Court.

"Sec. 1-B. Any Justice of the Peace, Constable, Deputy Constable, Sheriff, or Deputy Sheriff either elected or appointed, violating any provision of this Act shall be punished by fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) and shall be subject to be removed from office by action brought in District Court for that purpose."

It was held in Opinion No. O-6940 that the above quoted provisions go further than regulating venue or granting privileges to a defendant with reference to the place of his trial because it limits the extent of territory in which the Justice of the Peace may retain jurisdiction. It was further held that such limitation violated the provisions of Article V, Section 19, of our State Constitution, which provides as follows:

"Justices of the Peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; . . ."

It has been suggested that the statutes in question are venue statutes and that the limitations placed therein do not come within the contemplated meaning of constitutional jurisdiction, and, as such, are not an invalid exercise of legislative authority. To support these contentions it is submitted that "territorial jurisdiction" is a separate and distinct matter over which the Legislature may exercise control. It is further submitted, that in many instances, the Legislature has passed statutes making venue mandatory, or as in probate matters, has given exclusive jurisdiction to those county courts wherein the subject matter existed.

A close inspection of these valid statutes, however, will show them to be clearly distinguishable from those in question. The mandatory venue statutes deal with suits to set aside awards of the Industrial Accident Board, divorce proceedings, election contests and suits to review the rules or orders of the Railroad Commission. In regard to the power of the Legislature to designate a particular court as an exclusive tribunal to hear such cases, Judge Critz in Alpha Petroleum Co. v. Terrell, 59 S. W. (2d) 364 announced the rule as follows:

"Under the plain terms of the above-quoted statute we are compelled to hold that any suit which seeks to annul, modify, or set aside any rule of the commission valid on its face, promulgated by authority of the terms of chapter 26, supra, § 15 (Vernon's Ann. Civ. St. Art. 6029), must be brought in a district court of Travis County, Tex., and that this requirement is one of jurisdiction, and not a mere question of venue . . .

" . . . we wish to expressly state that we do not hold that it lies within the power of the Legislature to, by statute, take away the constitutional jurisdiction of district courts. What we hold is that, where the suit is to enforce a right which exists only by operation of the statute, and not under the Constitution or the common law, it does lie within the power of the Legislature to designate a particular court as an exclusive tribunal to hear and determine such suit. In such a case where the statute, as this one does, provides that the suit shall be filed in a particular court, it demonstrates

a conclusive legislative intent to designate such court as the only tribunal where such matter can be litigated, and, as said by our Supreme Court, speaking through Judge Cureton, in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1088:  'In special proceedings not within the common law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.'"

Obviously, these special proceedings were not contemplated by the writers of the Constitution, and they exist today as statutory rights.  Furthermore, in granting this exclusive jurisdiction to certain courts the power of all the other courts has not been diminished but rather that of a few has been increased. As to probate matters and the appointment of guardians of minors, idiots, etc., Article V, Section 16, of the Texas Constitution grants to County Courts the jurisdiction as may be provided by law.

In the case of Valdez v. Cohen, 56 S. W. 375 (Civ. App., writ refused) the constitutional jurisdiction of the Justice Court was defined as follows:

"The territorial jurisdiction conferred by the Constitution on justice courts is as wide and comprehensive as that conferred on the district courts. It is coextensive with the limits of the State.  It is not confined to any county or precinct.  If a district court can render a valid judgment against the resident of another county who fails to appear and plead his privilege, so can the Justice Court, for both are courts of the constitution, and both have the same territorial jurisdiction . . . ."

This case leaves no doubt but that the nebulous concept of "territorial jurisdiction" as pertains to the power of a court to render judgment comes within the constitutional jurisdiction of the Justice Court.

On the other hand, it is well settled that "jurisdiction is the power of a court to hear and determine a controversy and to render a judgment thereon." Morrow v. Corbin, 62 S. W. (2d) 641; Jud v. City of San Antonio, 184 S. W. (2d) 821; Martin v. Sheppard, 201 S. W. (2d) 810.  It is equally well settled that jurisdiction consists of only two matters, jurisdiction of subject matter and jurisdiction of person.  Using these legal definitions as a standard, it follows that any act that would prevent that "power to hear and to determine and to render" a case is a definite limit upon the jurisdiction of a court.  The Act in question commences as follows:

"Sec. 1.  No person shall be tried in any misdemeanor case in any Justice Precinct except in the precinct in which the offense was committed, or in which the defendant resides . . . ."  (Emphasis supplied).

This statute does not say that the Justice Court shall retain its jurisdiction, allowing a plea of privilege to the defendant to have the venue changed.  This statute forbids the Justice Court to hear any such case.  In other words, the power of the Justice Court is abolished except as to the manner specified in the statute.  Obviously, therefore, the Act diminishes jurisdiction and of such contravenes Article V, Section 19, of the Texas Constitution.

If there be any further doubt as to whether the statutes in question are those of venue or jurisdiction, and inspection of the portion that places a penalty upon judges should be conclusive. The venue aspect, or personal privilege of a defendant, is totally lacking. On the other hand, the clear and obvious intent of the Legislature is to remove the power of the judge to sit and hear and render judgment, binding such judge under penalty should it be done. The penalties strike at the authority of the court and the duties of the judge. This is, per se, a limit upon jurisdiction.

It follows, therefore, that the contentions as to the validity of Articles 60a, 60a-1 and 60a-2, V. C. C. P., are not controlling and that Attorney General's Opinion No. 0-6940 invalidating such statutes is affirmed.

SUMMARY

H. B. 342, Acts of the 48th Legislature, pp. 424-425, (Article 60a, 60a-1, 60a-2, V. C. C. P.) providing for trial of persons in misdemeanor cases is in violation of Article V, Section 19, Texas Constitution. Opinion 0-6940 is affirmed.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Joe H. Reynolds
Joe H. Reynolds
Assistant

APPROVED:

/s/ Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL

JHR:jmc:lm