**Eugene Monroe VANCE, Appellant,**

v.

**STATE BOARD OF HAIRDRESSERS AND COSMETOLOGISTS, Appellee.**

**No. 4027.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 25, 1966.

Rehearing Denied March 25, 1966.

Dan M. Fergus and H. L. Hays, Jr., Abilene, for appellant.

Waggoner Carr, Atty. Gen., Austin, for appellee.

COLLINGS, Justice.

Eugene Monroe Vance brought this suit in the District Court against the State Board of Hairdressers and Cosmetologists to set aside an order of the Board revoking plaintiff's licenses to practice and instruct in hairdressing and cosmetology. Both plaintiff and defendant filed motions for summary judgment. The defendant's motion was granted and judgment was entered upholding the defendant's administrative order revoking the cosmetology licenses held by plaintiff.

Section 10(c) of Article 734b, Vernon's Tex. Penal Code, provides in part as follows: .

"The Board may refuse to issue or to renew or may suspend or revoke any license issued in accordance with the provisions of this Act for the following reasons:

\* \* \* \* \* \*

(c) Conviction of any misdemeanor involving immoral conduct."

The record shows that Eugene Monroe Vance on May 21, 1964, entered a plea of guilty and was convicted in the County Court at Law of Taylor County of the offense of possessing lewd literature in violation of Article 527 of Vernon's Texas Penal Code. The record further shows that as a result of a hearing held on January 29, 1965, in compliance with Article 734b of Vernon's Texas Penal Code, appellee, State Board of Hairdressers and Cosmetologists, made the following findings and order:

"1. That Eugene Monroe Vance, holder of Instructor's License No. 773 and Operator's License No. 65–53245, is the same person who was convicted of possession of lewd literature in No. 10,158 in the County Court at Law in Taylor County on May 21, 1964.

2. That possession of lewd literature is a misdemeanor involving immoral conduct as prescribed by Section 10(c), Article 734b.

### ORDER OF THE BOARD

Pursuant to the hearings and findings above made, it is the order of the Texas State Board of Hairdressers and Cosmetologists that Instructor's License No. 773 and Operator's License No. 65–53245, issued to Eugene Monroe Vance be, and are hereby, revoked by virtue of the authority vested in the Board by Section 10(c), Article 734b."

Upon an appeal to the 104th District Court of Taylor County, the court, after hearing, denied appellant's motion for summary judgment, and granted the motion for summary judgment of appellee, State Board of Hairdressers and Cosmetologists.

Appellant presents one point of error in which he contends that:

"The trial court erred in overruling appellant's motion for summary judgment, and in sustaining appellee's motion for summary judgment; because appellant's conviction in County Court at Law, Taylor County, Texas, was void in that appellant was not advised of his right to legal counsel to represent him prior to, and during the trial, nor was he advised as to the consequences of his conviction in said cause. All of which is in violation of the sixth and fourteenth amendments to the Constitution of the United States of America."

Appellant contends that the plea of guilty and judgment of conviction based thereon are nullities and absolutely void. In this connection appellant filed a verified pleading in which he alleged:

"Plaintiff would further show the Court that at no time prior to his supposedly conviction in Cause No. 10,158 of the County Court at Law, Taylor County, Texas, styled 'The State of Texas vs. Eugene Monroe Vance', was he offered legal counsel to represent him nor was he afforded legal counsel prior to or during the trial in said cause, nor was he advised as to the consequence of his conviction in said cause and that the Plaintiff is not an attorney and did not know all of the consequences of said conviction and therefore, such conviction was invalid and completely void and the action taken by the Defendant in revoking his Instructor's License No. 773 and Operator's License No. 65–53245, was invalid and void and without any force and effect under the 6th and 14th Amendments to the Constitution of the United States of America."

Appellant also filed a supplemental answer to defendant's motion for summary judgment and a motion for summary judgment in his favor in which he alleged, concerning the judgment of conviction against him, that it:

" * * * is invalid and void and without any force and effect because Eugene Monroe Vance was not offered legal counsel to or during the trial of said cause, nor was he advised as to the consequence of this conviction in said cause, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States of America, as shown by Plaintiff's Second Supplemental Petition, sworn to by the plaintiff, on file herein, and made a part hereof for all purposes."

The judgment of conviction in the County Court at Law is valid upon its face and does not disclose the alleged defect urged by appellant. The judgment recites that appellant "after being duly admonished of the consequences * * * by the court, pleaded guilty to the charge * * * ". Appellant seeks to avoid the order of the State Board of Hairdressers and Cosmetologists by collaterally attacking in a civil court the criminal conviction rendered against him which is not shown to be invalid upon its face. Such a collateral attack on that judgment is not permissible unless the judgment is void and not merely erroneous in such a way as to be voidable. Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Sup.Ct.); Perry v. Copeland, Tex.Civ.App., 323 S.W.2d 339; Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810; Heard v. State, 146 Tex. 139, 204 S.W.2d 344.

In our opinion, the County Court judgment of conviction against appellant was not void. The court, therefore, did not err in overruling appellant's motion for summary judgment and in granting the motion of appellee for a summary judgment. Appellant's point of error is overruled.

The judgment is affirmed.