**Frederick P. ADAMS, Appellant,**

v.

**HARRIS COUNTY, Texas, Appellee.**

**No. 1227.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 29, 1975.

Rehearing Denied Nov. 19, 1975.

W. James Kronzer, Rockne Onstad, Kronzer, Abraham & Watkins, Houston, for appellant.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, for appellee.

TUNKS, Chief Justice.

Appellant Frederick Adams was injured on March 26, 1967 while riding a motorcycle on a drawbridge operated by Harris County across Cedar Bayou. He sued the county in federal district court, claiming federal maritime jurisdiction. By order of the United States Court of Appeals for the Fifth Circuit, the cause was dismissed for want of federal jurisdiction. *Adams v. Harris County*, 452 F.2d 994 (5th Cir. 1971), *cert. denied*, 406 U.S. 968, 92 S.Ct. 2414, 32 L.Ed.2d 667 (1972). Appellant also obtained permission of the Texas Legislature to sue the county in the state courts and brought this action in the 55th District Court of Harris County. The county moved for summary judgment on the basis that it has governmental immunity from liability for its torts, and those of its agents, which occurred prior to the effective date of the Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970). The trial court granted summary judgment, from which Adams appeals, asserting that, for various reasons, the doctrine of governmental immunity

should not be applied in this case, and also that the doctrine violates the 14th Amendment of the United States Constitution.

■■■ The legislative resolution granting appellant permission to bring this action waives the county's immunity to suit and grants jurisdiction specifically to the courts of Harris County. The resolution reserves all "defense[s] of fact or law, that may be asserted by, or available to Harris County . . . ." House Concurrent Resolution No. 10, 61st Legislature (August 28, 1969). Appellant contends that governmental immunity from liability is not a "defense" as contemplated by this language, but is, rather, part of the "totality" of governmental immunity which has been waived in this case by the legislature. The weight of authority in Texas holds the government's immunity from suit is independent from its immunity from liability. *Missouri Pacific R. R. v. Brownsville Nav. Dist.*, 453 S.W.2d 812, 813 (Tex.Sup.1970); *Childs v. Greenville Hospital Authority*, 479 S.W.2d 399 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.). Legislation authorizing suits against the state is to be strictly construed against interpretation as an admission of liability. *Buchanan v. State*, 89 S.W.2d 239 (Tex.Civ.App.—Amarillo 1936, writ ref'd). Indeed, while the state may waive immunity from suit, it may not waive its immunity from liability by means of special legislation for the benefit of a particular party, thus denying all citizens the equal protection of the law as guaranteed by the Texas Constitution. *Martin v. Sheppard*, 145 Tex. 639, 201 S.W.2d 810, 812 (1947); *State Highway Dept. v. Gorham*, 139 Tex. 361, 162 S.W.2d 934, 937 (1942).

■■■ Appellant urges that, even if the legislature has not waived the county's immunity from liability, immunity is not effective in this case because the function of operating a drawbridge is proprietary rather than governmental, and because appellant has alleged negligence on the part of the county itself in hiring an incompetent operator. The supreme court has held, however, that the distinction between proprietary and governmental functions does not apply to counties, *Bennett v. Brown County Water Imp. Dist. No. 1*, 153 Tex. 599, 272 S.W.2d 498 (1954), and that an allegation of negligence in hiring does not circumvent the government's immunity from liability for the torts of its agents and officers. *City of Dallas v. Smith*, 130 Tex. 225, 107 S.W.2d 872, 879 (1937).

■ Appellant further alleges that appellee may not benefit from its governmental immunity in this suit because its ownership and operation of the drawbridge falls within federal regulation by virtue of the federal statute prescribing standards of care for drawbridge operations, 33 U.S.C., § 499 (1970):

> It shall be the duty of all persons owning, operating, and tending the drawbridges built prior to August 18, 1894, or which may thereafter be built across the navigable rivers and other waters of the United States, to open, or cause to be opened, the draws of such bridges under such rules and regulations as in the opinion of the Secretary of Transportation the public interests require to govern the opening of drawbridges for the passage of vessels and other water crafts, and such rules and regulations, when so made and published, shall have the force of law. Every such person who shall willfully fail or refuse to open, or cause to be opened, the draw of any such bridge for the passage of a boat or boats, or who shall unreasonably delay the opening of said draw after reasonable signal shall have been given, as provided in such regulations, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $2,000 nor less than $1,000, or by imprisonment (in the case of a natural person) for not exceeding one year, or by both such fine and imprisonment, in the discretion of the court.

In finding no federal jurisdiction in this case the Court of Appeals for the Fifth

Circuit determined that federal jurisdiction extends to the operation of drawbridges only where there is an accident caused by or involving a vessel on navigable waters. The court found appellant's injuries were "in no way caused by a vessel on navigable water. [T]he injuries in question occurred on a permanently fixed extension of land and in the absence of any maritime causation other than the approach of a vessel, without more." *Adams v. Harris County*, 452 F.2d 994, 997 (5th Cir. 1971), *cert. denied*, 406 U. S. 968, 92 S.Ct. 2414, 32 L.Ed.2d 667 (1972). In the opinion of the Fifth Circuit, then, there is no "federally created cause of action" in this case.

■ Appellant's final contention is that the rule of sovereign immunity should be discarded by the Texas courts, at least in this case. This court has refused to do so in the past; such a sweeping and fundamental change should be made, if at all, by the supreme court or the legislature.

*Calhoun v. Pasadena Independent School District*, 496 S.W.2d 131 (Tex.Civ.App.— Houston [14th Dist.] 1973, writ ref'd n.r.e.). *See also Jones v. City of Dallas*, 451 S.W.2d 271 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.).

The appellant's points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.

CURTISS BROWN, J., not participating.