**William Joe POWELL, M.D., Appellant,**

v.

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

No. 05–86–00615–CV.

Court of Appeals of Texas, Dallas.

June 30, 1987.

J. Russell Ormesher, Dallas, for appellant.

Jim Mattox, Mary Keller, J. Patrick Wiseman, Susan German, Austin, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

LAGARDE, Justice.

William Joe Powell, M.D., appeals from an order affirming a decision by the Texas State Board of Medical Examiners (the board) which revoked Powell's license to practice medicine. Powell, after entering a guilty plea to two indictments charging him with failing to furnish to the Texas Department of Public Safety copies of triplicate prescription forms dispensing Schedule II controlled drugs, was convicted of two counts of commercially dispensing a controlled substance, a felony. Punishment was assessed at five years confinement in the Texas Department of Corrections, probated for five years. The board then sent notice to Powell of violation of the Texas

Medical Practice Act, TEX.REV.CIV.STAT. ANN. art. 4495b (Vernon Supp.1987). After a hearing, the board revoked Powell's license to practice medicine. The decision was based on sections 3.08(2) and 4.01 of the Texas Medical Practice Act. Those sections provide:

> The board may refuse to admit persons to its examinations and to issue a license to practice medicine to any person for any of the following reasons:
>
> (2) conviction of a crime of the grade of a felony or a crime of a lesser degree that involves moral turpitude;

TEX.REV.CIV.STAT.ANN. art. 4495b, § 3.08(2) (Vernon Supp.1987).

> On proof that a practitioner of medicine has been initially convicted of a felony under the Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes), Chapter 425, Acts of the 56th Legislature, Regular Session, 1959, as amended (Article 4476–14, Vernon's Texas Civil Statutes), or the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. Section 801 et seq. (Public Law 91–513), the board shall suspend the practitioner's license. On the practitioner's final conviction for such a felony offense, the board shall revoke the practitioner's license.

TEX.REV.CIV.STAT.ANN. art. 4495b, § 4.01 (Vernon Supp.1987). On appeal to the district court, the court affirmed the board's order. We affirm.

In his first point of error, Powell contends that the trial court erred in affirming the board's order, because "the indictments for which [he] was convicted are not 'under the Controlled Substances Act' ... but involve offenses that in substantial part have been defined outside the Controlled Substances Act in rules promulgated by the Director of the Texas Department of Public Safety." Thus, he argues that his license should not have been revoked under section 4.01 of the Texas Medical Practice Act. The board responds that Powell's assertion is an impermissible collateral attack on the

underlying criminal convictions. We agree, for the reasons given in our discussion of Powell's second through sixth points of error, that if Powell's contention under this point of error concerns the *indictments* in the criminal proceedings, the contention is an impermissible collateral attack on the criminal convictions. If, however, Powell's contention is that the criminal *convictions* were not convictions under the Texas Controlled Substances Act, then Powell's contention is not an impermissible collateral attack. Instead, it is a direct attack on the board's finding that it was required by section 4.01 of the Texas Medical Practice Act to revoke Powell's license to practice medicine. Accordingly, we will address Powell's first point of error.

■ Each of the judgments rendered by the trial court in the criminal proceedings found Powell guilty of "commercially dispensing of [sic] a controlled substance ... as charged in the indictment." Regardless of how the indictments characterized the offenses for which Powell was charged and regardless of whether the charged offenses were offenses under the Texas Controlled Substances Act, the offenses for which Powell was *convicted*, commercially dispensing a controlled substance, were clearly offenses under the Texas Controlled Substances Act.[1] *See* TEX.REV.CIV. STAT.ANN. art. 4476–15, § 3.09 (Vernon Supp.1987). Because section 4.01 of the Texas Medical Practice Act requires that the board revoke the practitioner's license upon proof that a practitioner has been convicted under the Texas Controlled Substances Act, and because the proof showed that Powell had been convicted of such an offense, the board's decision revoking Powell's license to practice medicine was not erroneous and the trial court did not err in affirming that decision. We overrule Powell's first point of error.

■ In his next five points of error, Powell attacks the validity of the criminal convictions underlying this action. He contends that the convictions are void because: (1) the indictments failed to state a cause of

---

**1.** We emphasize that the present case is an appeal from a civil proceeding, not an appeal from the criminal convictions, nor an original proceeding attacking the validity of the convictions.

action, (2) the statute upon which the convictions are based is unconstitutionally vague, (3) the director of the Texas Department of Public Safety lacked the capacity to promulgate rules concerning the requirements for triplicate prescriptions, (4) the caption of the statute under which he was convicted unconstitutionally failed to give proper notice that the legislature delegated to the director of the Texas Department of Public Safety rule-making authority, and (5) the statute under which he was convicted is an impermissible delegation of power by the legislature to the executive branch. We hold that each of these contentions constitutes an impermissible collateral attack on the criminal convictions.

■■■ All of the cases cited by Powell in his argument under these points of error are criminal cases. As the Texas Supreme Court has emphasized in a case concerning an appeal from a civil proceeding suspending a driver's license:

Cases in which criminal punishments or enhancements of criminal punishment are sought to be avoided by attacks in courts having criminal jurisdiction are not apposite here. This is not a criminal case but one to determine whether a party's privilege to drive a motor vehicle over the highways of Texas should be suspended in the interest of public safety. It may be that if a jail sentence were assessed because of the violation of a traffic safety rule, and a defendant could show upon the trial that he neither appeared in person nor by attorney, he could secure his release by writ of habeas corpus issued by a court of proper jurisdiction, but such circumstance does not bear upon the issue involved in a driver's license suspension case....

Although the record supporting a judgment may carry the seeds of infirmity that prove fatal to the judgment when exposed upon a direct attack or in a habeas corpus proceeding, it cannot be said that any and all persons may ignore the judgment before it is pronounced invalid or void by proper authority. In this case, the County Judge was not considering a direct attack or conducting a habeas corpus hearing.... There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them.

*Texas Department of Public Safety v. Casselman,* 417 S.W.2d 146, 147–48 (Tex. 1967). The same is true of the present case. The procedure outlined in article 11.-07 of the Texas Code of Criminal Procedure is the exclusive felony post-conviction remedy in the courts of this state, *Ex parte Brown,* 662 S.W.2d 3, 4 (Tex.Crim.App. 1983), and in the present case neither the district court nor this court is at liberty to re-examine the validity of the criminal convictions underlying this civil suit. Instead, in an appeal from a judgment upholding an administrative board's decision to revoke a professional license because of a criminal conviction of the license holder, a collateral attack on the criminal conviction that gave rise to the board's action is permissible only if the judgment is void and not merely voidable. *Vance v. State Board of Hairdressers and Cosmetologists,* 400 S.W.2d 954, 956 (Tex.Civ.App.—Eastland, writ ref'd) *cert. denied,* 385 U.S. 959, 87 S.Ct. 398, 17 L.Ed.2d 305 (1966). A judgment is void only if the court rendering judgment had no jurisdiction over a party or his property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *See Austin Independent School District v. Sierra Club,* 495 S.W.2d 878, 881 (Tex. 1973); *State v. Blair,* 629 S.W.2d 148, 150 (Tex.App.—Dallas) *aff'd,* 640 S.W.2d 867 (Tex.1982). If a judgment is regular on its face, it cannot be collaterally attacked, *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980), even though other error may be apparent. *See Martin v. Sheppard,* 145 Tex. 639, 201 S.W.2d 810, 812 (1947); *Wycough v. Bennett,* 510 S.W.2d 112, 114–15 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.). Thus, because none of Powell's contentions concern the jurisdiction of the court to render the criminal judgments, and because the judgments are regular on their faces, we overrule Powell's second through sixth points of error.

In his seventh point of error, Powell contends that the trial court erred in affirming the board's decision because, since the criminal convictions were probated, the convictions were not final for purposes of section 4.01 of the Texas Medical Practice Act. We need not address this contention because we hold that, by failing to raise this issue in his motion for rehearing filed after the board's decision, Powell waived any error.

Section 16(e) of the Administrative Procedure and Texas Register Act provides that a motion for rehearing filed within fifteen days of the date of a final decision or order of an administrative agency or board is a prerequisite[2] for appeal of the decision. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 16(e) (Vernon Supp.1987). The motion for rehearing must be sufficiently definite to apprise the agency of the error claimed and to allow the agency the opportunity to correct the error or to prepare to defend it. *Suburban Utility Corp. v. Public Utility Commission,* 652 S.W.2d 358, 365 (Tex. 1983); *United Savings Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163, 168 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.). Accordingly, courts have held that if a point of error on appeal complains of error that was not presented with the requisite degree of specificity in the motion for rehearing, the error is waived. *See Hooks v. Texas Department of Water Resources,* 645 S.W.2d 874, 879–80 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Vandygriff,* 594 S.W.2d at 167–70. In the present case, Powell wholly failed to assert in his motion for rehearing his contention that his criminal convictions were not final. Accordingly, Powell has waived this contention. We overrule Powell's seventh point of error.

The trial court's judgment is affirmed.

---

**2.** One exception to such prerequisite is contained in Subsection (c) of Section 16 but is not applicable here.