

# THE ATTORNEY GENERAL
# OF TEXAS

June 20, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Dan Morales
Chairman
Criminal Jurisprudence Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78768-2910

Opinion No. JM-1061

Re:  Whether the state
may restrict its waiver
of immunity  (RQ-1662)

Dear Representative Morales:

You   ask   the   following   questions   about   waiver   of
governmental immunity:

> (1)  Does   the   state   possess   the   legal
> authority   to   place   any   limitations   or
> restrictions upon its waivers of immunity?

> (2)  What   is   the   appropriate   legislative
> vehicle for the  legislature to utilize  when
> the state wishes to waive its immunity?

The following  general discussion  of governmental  immunity
will provide answers to both of your questions.

There are two types of governmental immunity:  immunity
from suit  and immunity  from  liability.  Adams  v.  Harris
County, 530 S.W.2d 606, 608 (Tex. Civ. App. - Houston [14th
Dist.] 1975), appeal  dismissed, 429  U.S. 803 (1976).   The
state may  waive either  type of  immunity.   A  waiver  of
immunity from  suit does  not, however,  imply a  waiver  of
immunity from liability.  State v. Isbell,  94 S.W.2d  423,
425 (Tex. 1936).  The Texas Tort Claims Act is an example of
a statute  that  offers  a  limited  waiver  from  suit  and
immunity from  liability under  certain circumstances.   See
Civ. Prac. & Rem. Code §§ 101.021, 101.025.

The legislature has  traditionally employed  concurrent
resolutions  to  waive  immunity  from  suit  in  individual

cases.[1] Contran Corp. v. Bullock, 567 S.W.2d 616 (Tex. Civ. App. - Austin 1978, no writ).  The Civil Practices and Remedies Code now contains provisions governing resolutions waiving state immunity from suit.  Acts 1987, 70th Leg., ch. 524, at 2133 (codified as one of two chapter 107s of the Civil Practices and Remedies Code).  Section 107.002 of the code sets out the effects of a resolution that grants a person permission to sue the state.  Section 107.003 provides:

> (a) A resolution may grant permission to sue the state only in accordance with this chapter.

> (b) A resolution may not alter the effect of the permission as described by Section 107.002, except that a resolution may further limit the relief to which the claimant may be entitled.

Section 107.004 provides:

> A resolution may specifically provide additional conditions to which a grant of permission to sue is subject.

See Trinity River Auth. v. Williams, 689 S.W.2d 883, 885 (Tex. 1985)(holding that the state's waiver of sovereign immunity can be made subject to restrictions and conditions); see generally Buford v. State, 322 S.W.2d 366, 370 (Tex. Civ. App. - Austin), cert. denied, 361 U.S. 837 (1959)(holding that statutes cannot be amended by resolution).

Not only has the legislature used resolutions to waive immunity from suit in individual cases, but it has also used them to waive immunity from liability in individual cases. See Comment, Governmental Immunity from Suit and Liability

---

1. A resolution is used when the legislature wishes to express an opinion as to a given matter or thing which is to have a temporary effect.  State v. Delesdenier, 7 Tex. 76, 94-96 (1851); Conley v. Texas Div. of United Daughters of the Confederacy, 164 S.W. 24, 26 (Tex. Civ. App. - Austin 1913, writ ref'd); see generally Comment, Legislative Resolutions: Their Function and Effect, 31 Tex. L. Rev. 417 (1953).

in Texas, 27 Tex. L. Rev. 337 (1949); see also Civ. Prac. & Rem. Code § 107.002(b)(providing that a resolution granting permission to sue does not waive to any extent immunity from liability). There are, however, serious questions about the constitutionality of waiving immunity from liability in individual cases. The courts have held that a resolution waiving immunity from liability on behalf of an individual violates both article III, section 56, and article I, section 3, of the Texas Constitution.

Article III, section 56, prohibits the enactment of special or local laws on specified subjects. Waiver of governmental immunity is not among the subjects listed. However, article III, section 56, also contains the following proviso: "And in all other cases where a general law can be made applicable, no local or special law shall be enacted." In State Highway Dep't v. Gorham, 162 S.W.2d 934 (Tex. 1942), the Texas Supreme Court held that an act granting an individual the privilege of bringing a suit against the highway department violated article III, section 56. The court also held that the act at issue in Gorham violated article I, section 3, the equal protection clause of the Texas Constitution. The court held the act in question invalid for several other reasons as well and did not elaborate on its statements about article III, section 56, or article I, section 3.

Three years later, the supreme court cited Gorham for the proposition that a waiver of liability in regard to an individual would violate article I, section 3, of the Texas Constitution. Martin v. Sheppard, 201 S.W.2d 810, 812 (Tex. 1947). The court did not mention article III, section 56. See generally G. D. Braden, 1 The Constitution of the State of Texas: An Annotated and Comparative Analysis 279 (1977)(questioning the correctness of Gorham as an article III, section 56, case). Although Martin v. Sheppard was a collection suit based on a judgment in a suit involving just such a waiver, the court held that the judgment was not subject to collateral attack because the court granting the judgment had jurisdiction over the parties. In so holding, the court wrote:

> And, further, it is provided in Section 5 of the act that, if any paragraph, clause, or provision thereof should be held to be invalid or unconstitutional, the validity of the other provisions of the act shall not be affected thereby. Striking from the act the third section [waiving the state's immunity from liability], there remains an express

> permission granted to relators to bring suit in the district court of Liberty County for damages on account of the injuries sustained by A. J. Martin which resulted in his death and the further provision that process might be served upon the Governor and Attorney General. It cannot be questioned that the legislature had the power to grant relators permission to sue the State and to provide the manner of service. By virtue of that act and by the service of process and the appearance of the State through its Attorney General, the court clearly acquired jurisdiction of the parties to the litigation. (Emphasis added.)

Martin, supra, at 812. In other words, the court took the position that it was within the legislature's power to grant an individual permission to sue but that it was not within the legislature's power to waive governmental immunity from liability in regard to an individual. One could argue that if a waiver of immunity from liability in regard to a single individual is either an unconstitutional special law or a violation of the equal protection clause, a waiver of immunity from suit in regard to a single individual would also be either an unconstitutional special law or a violation of the equal protection clause. That was not, however, the view of the Supreme Court in Gorham. See State v. Isbell, supra, at 425; Adams v. Harris County, supra, at 608 (both expressly holding that consent to sue may be given by concurrent resolution, but that waiver of immunity from tort liability can be given only by general law); see also Thomas v. Government of Virgin Islands, 333 F.Supp. 961 (D. V. I. 1971), aff'd, 515 F.2d 507 (1975) (holding that waiver of sovereign immunity on behalf of individual violates equal protection clause of federal Constitution); Krause v. Ohio, 285 N.E.2d 736 (Ohio), appeal dismissed, 409 U.S. 1052 (1972) (holding that withholding remedy from some persons injured by governmental torts but not from others does not violate equal protection clause of federal Constitution); Commercial Standard Fire & Marine Co. v. Commissioner of Ins., 429 S.W.2d 930, 935 (Tex. Civ. App. - Austin 1968, no writ); State v. McDonald, 220 S.W.2d 732 (Tex. Civ. App. - Texarkana 1949, writ ref'd). The courts have held that a resolution attempting to waive governmental immunity from liability on behalf of an individual is unconstitutional but that a resolution waiving immunity from suit on behalf of an individual is not.

A resolution waiving immunity from tort liability[2] after the tort has occurred has also been held to be unconstitutional. In <u>Matkins v. State</u>, 123 S.W.2d 953 (Tex. Civ. App. - Beaumont 1939, writ dism'd judgmt cor.), the court held that a statute that is passed after the commission of a tort and that attempts to recognize or assume liability for the tort by the state violates article III, section 44, of the Texas Constitution, which provides that the state shall not pay a claim not provided for by pre-existing law.

In summary, the answer to your first question is clear: The legislature may place restrictions on a waiver of immunity. <u>Trinity River Auth. v. Williams</u>, <u>supra</u>, at 885. The answer to your second question is more complex. The legislature may waive immunity from suit either by a statute of general application or by concurrent resolution. The legislature may waive immunity from liability only by a statute of general application. The constitution does not permit the legislature to waive immunity from liability by resolution applicable to an individual, nor does it permit the legislature to waive immunity from liability after the occurrence of the events that would give rise to liability.

S U M M A R Y

---

2. The state is liable on contracts as if it were a private citizen. Therefore, the only impediment to a suit against the state on a contract is the state's immunity from suit. <u>Texas Employment Comm'n v. Camarena</u>, 710 S.W.2d 665, 671 (Tex. App. - Austin 1986), <u>rev'd on other grounds</u>, 754 S.W.2d 149 (Tex. 1988). Also, it has been suggested that the state is not immune from liability when it acts in a proprietary, rather than a governmental, capacity. <u>State v. Morgan</u>, 170 S.W.2d 652, 653 (Tex. 1943). It has also been suggested, however, that the state--in contrast to a municipality--acts only in a governmental capacity and, in the absence of a valid waiver, enjoys immunity from liability for all torts. <u>State v. Brannan</u>, 111 S.W.2d 347, 348-49 (Tex. Civ. App. - Waco 1937, writ ref'd); <u>see also</u> <u>Wyse v. Department of Public Safety</u>, 733 S.W.2d 224, 228 (Tex. App. - Waco 1986, writ ref'd n.r.e.); <u>Jones v. Texas Gulf Sulphur Co.</u>, 397 S.W.2d 304, 308 (Tex. Civ. App. - Houston 1965, writ ref'd n.r.e.); Comment, <u>Governmental Immunity from Suit and Liability in Texas</u>, <u>supra</u>, at 344.

The legislature may place restrictions on a waiver of governmental immunity. The legislature may waive immunity from suit either by a statute of general application or by concurrent resolution. The state may waive immunity from liability by a statute of general application. The constitution does not permit the legislature to waive immunity from liability after the occurrence of the events that give rise to liability.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General