Mr. Allen Beinke Executive Director Texas Water Commission P.O. Box 13087, Capitol Station Austin, Texas 78711-3087
Re: Potential conflict in two amendments adopted at the same legislative session regarding requirements of notice for selling realty located in a special district (RQ-1960)
Dear Mr. Beinke:
You ask about the effect of two 1989 amendments to section50.301(b) of the Water Code.
Section 50.301 requires a person who sells real estate in a specified type of special district to provide to the purchaser written notice regarding the district. Water Code § 50.301(a). The notice is to be a separate written document executed and acknowledged by the seller. Id. § 50.301(b). The statute prescribes the language of the notice. Id.
In 1989 the legislature adopted two bills that changed the language prescribed by section 50.301(b). Acts 1989, 71st Leg., ch. 1218, at 4937 (hereinafter House Bill 1333); ch. 935, at 3977 (hereinafter Senate Bill 1207).
House Bill 1333 amended section 50.301 of the Water Code as well as several other sections of the Water Code. All of the provisions of House Bill 1333 relate to standby fees. One of those provisions added several sentences about standby fees to the language prescribed by section 50.301(b).
Senate Bill 1207 made a number of additions to and deletions from the language prescribed for the notice to be given under section 50.301(b). Acts 1989, 71st Leg., ch. 935, § 1, at 3977. It also added a new provision, section 50.3011 of the Water Code, that provides that the notice form required to be used under section 50.301(b) shall contain specified language regarding standby fees. Id. § 3, at 3980. Section 4 of the bill provides as follows:
This Act takes effect immediately, except that Section 3 takes effect on the date that H.B. No. 1333, Acts of the 71st Legislature, Regular Session, 1989, takes effect. If H.B. No. 1333 fails to take effect, Section 3 has no effect.
It is clear from that provision that the legislature did not intend to require that two separate notices be given under section 50.301 of the Water Code. Thus, your question is whether the language prescribed by Senate Bill 1207 or the language prescribed by House Bill 1333 is to be used.
Acts adopted at the same session of the legislature should be read together and harmonized. Martin v. Sheppard, 201 S.W.2d 810,814 (Tex. 1947). In this case, harmony is easily achieved. Senate Bill 1207 made a number of changes in the notice language, including the addition of language regarding standby fees, whereas the only change made by House Bill 1333 was the addition of language regarding standby fees. The language regarding standby fees in the two bills is almost identical. The only difference in the language prescribed is that Senate Bill 1207 contains an extra "also." That additional word merely provides a transition; it does not change the meaning of the language. The only other difference is that House Bill 1333 indicated the place in the notice at which the language regarding standby fees was to be incorporated. Senate Bill 1207, in contrast, simply provided that the notice form should be "modified in the manner necessary to incorporate" the prescribed language regarding standby fees. Water Code § 50.3011(b). Consequently, if a vendor words the notice in accordance with Senate Bill 1207, he will have incorporated the substantive changes mandated by House Bill 1333. We do not think that the inclusion or omission of the extra "also" would affect the validity of the notice. Nor do we think that the position of the language regarding standby fees would affect the validity of the notice.
 SUMMARY
Two bills enacted by the 71st Legislature amend section 50.301(b) of the Water Code, which prescribes the wording of a notice required by section 50.301(a). Acts 1989, 71st Leg., ch. 1218 (House Bill 1333); id. ch. 935 (Senate Bill 1207). Because the changes in language mandated by Senate Bill 1207 include the change in the language mandated by House Bill 1333, a purchaser can satisfy the requirements of both bills by complying with the the notice as prescribed by Senate Bill 1207.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General