STATE HIGHWAY DEPARTMENT OF TEXAS ET AL, v. W. E. GORHAM.

No. 7963. Decided May 27, 1942.
Rehearing overruled June 24, 1942.
(162 S. W., 2d Series, 934.)

*Gerald C. Mann,* Attorney General, *Wm. J. Fanning, Ardell Williams, Wm. J. R. King* and *Geo. W. Barcus,* Assistants Attorney General, for petitioners.

It was error for the court to hold that plaintiff proved a good cause for not filing his claim with the Industrial Accident Board within six months; and that there were no such conflicts in the findings of the jury as to require a reversal of the judgment of the trial court.. Scott v. Texas Emp. Ins. Assn., 118 S. W. (2d) 354; Casualty Reciprocal Exch. v. Richardson, 86 S. W. (2d) 838; Traders & Gen. Ins. Co. v. Wood, 103 S. W. (2d) 1058.

*Witt, Terrell, Lincoln, Jones & Riley,* of Waco, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. E. Gorham, having obtained legislative consent, brought this suit under Article 6674s, Vernon's Annotated Civil Statutes, against the State Highway Department of Texas, referred to as the Department, and The State of Texas, to recover workmen's compensation for injuries sustained while in the employ of the Department. A recovery was denied by the Industrial Accident Board, referred to as the Board, and Gorham appealed. Upon trial in the district court, the jury found that he was totally and permanently disabled as the result of an accidental injury received on December 7, 1937, in the course of his employment for the Department. The trial court thereupon awarded Gorham a lump sum recovery of $3,591.70. The judgment was affirmed by the Court of Civil Appeals. 158 S. W. (2d) 330. This Court granted a writ of error.

The principal question is whether the insurance coverage contemplated by the law providing for compensation insurance for employees of the Highway Department was in effect on December 7, 1937, the date on which Gorham was injured. For a determination of this matter the Act itself, Article 6674s, Vernon's Annotated Civil Statutes, must be construed.

This Act was passed on June 11, 1937, and was signed by the Governor on the same day. It carried the emergency clause, and provided that it should take effect immediately after its passage. The Act, therefore, unquestionably became a law on June 11, 1937. The question then remains as to when the insurance provisions in the Act became effective.

The Act provides in part as follows:

"Sec. 3. *After the effective date of this law* any employee \* \* \*, who sustains an injury in the course of his employment shall be paid compensation as hereinafter provided.

*"The Department is hereby authorized to be self insuring and is charged with the administration of this law. The Department shall notify the Board of the effective date of such insurance,* stating in such notice the nature of the work performed by the employees of the Department, the approximate number of employees, and the estimated amount of the payroll.

*"The Department shall give notice to all employees that, effective at the time stated in such notice, the Department has provided for payment of insurance."* (Italics ours.)

The Act further provides that the Department is authorized to promulgate and publish rules and regulations, and to prescribe and furnish such forms as may be necessary. It is required to designate a convenient number of physicians and surgeons to make physical examinations of all persons in the employ of the Department, and to determine those who are physically fit to be classified as employees.

There is a further provision that no person shall be certified as an "employee" unless and until he has submitted himself to a physical examination and is found to be physically fit for the duties to which he is assigned; but it is further provided that failure to be examined shall not bar a recovery.

The Act authorizes the Department to set aside from its available appropriations an amount, not to exceed 3½% of the annual labor payroll of the Department, for the payment of all costs, administrative expense, charges, benefits, and awards authorized by this law. The Department is charged with the duty of keeping a record of all injuries sustained by its employees and of making a report thereof to the Board.

On December 21, 1937, the Department notified the Board that, "Workmen's Compensation insurance for certain employees of the Highway Department, as provided in said Statute, will become effective at 12:01 A. M., January 1, 1938. The nature of the work performed by employees of the Highway Department is Highway Construction and Maintenance, and all work incidental thereto. The appropriate number of

such employees is seven thousand (7,000). The estimated amount of annual payroll is Nine Million Dollars ($9,000,000.00)."

The Industrial Accident Board certified that the Department became a subscriber as outlined under the Workmen's Compensation Law on January 1, 1938, at 12:01 A. M.

On May 26, 1939, the Legislature passed House Bill No. 1047, being Chapter 1, page 950, Special Laws of the 46th Legislature, granting Gorham permission to sue for compensation on account of the alleged injuries and on account of the failure of the Department to provide compensation insurance within a reasonable time; and it was provided that any judgment so recovered should be paid out of the funds of the Department set aside for injuries to its employees. The bill reserved to the Department all defenses available to it under Article 6674s, "except its failure to have compensation insurance and to comply with the law relevant thereto and to certify said Gorham as an employee, and except the Statute of Limitations. It being the purpose of this act to make available to the said W. E. Gorham, all rights and privileges of Article 6674s *as if the Highway Commission had put said Act into effect prior to December 7, 1937."* (Italics ours.)

■ It is a settled rule that where a statute is plain and unambiguous, it will be enforced according to its wording. It is the duty of the Court to examine the entire Act, and to construe it as a whole. The statute should be given a fair and reasonable construction, considering the language and the subject matter, in order to accomplish the legislative intent and purpose. 39 Tex. Jur., p. 166 et seq., secs. 90 and 91.

After June 11, 1937, the Department was authorized and required to promulgate rules and regulations, and to prescribe and furnish forms, for the effective administration of the law. It was authorized to set aside from its appropriation an amount, not to exceed $3\frac{1}{2}\%$ of its annual labor payroll, to cover all costs of the program. It necessarily had to investigate the number of employees to be included, the risks covered, and the probable cost to the Department. The Department was required to designate a convenient number of doctors, and was authorized to conduct physical examinations of employees. Since the program was to be administered in connection with the Industrial Accident Board, the statute prescribed that the Board be notified of the nature of the work performed by the employees, the

approximate number of employees, and the estimated amount of the payroll. The Legislature must have contemplated that it would take a reasonable time to put this program in operation. Therefore the following provisions of the Act appear to be controlling as to the meaning of the "effective date" upon which the insurance should go in operation:

"The Department shall notify the Board of the effective date of such insurance. * * * The Department shall give notice to all employees that, *effective at the time stated in the notice,* the Department has provided for payment of insurance." (Italics ours.)

█ A statute will not be construed so as to ascribe to the Legislature an intention of doing an unjust thing by its enactment, or of causing confusion thereby, if the statute is reasonably susceptible of a construction showing the Legislature's intention to have been otherwise. Anderson v. Penix, 138 Texas 596, 161 S. W. (2d) 455; Trimmier v. Carlton, 116 Texas 572, 296 S. W. 1070; Winder v. King (Com. App.), 1 S. W. (2d) 587; 39 Tex. Jur. 174.

We believe, when we read the Act as a whole, that it was the intention of the Legislature to leave it to the Department to set up the rules, regulations, and machinery necessary to put in operation the method of paying compensation to employees for injuries sustained while in the employ of the Department; and that such insurance could not take effect until the Department had inaugurated the system and notified the Industrial Accident Board of the effective date of such insurance. In any event, there are no pleadings in this case that the Department was negligent in any manner in getting the plan in operation, or that it was guilty of any unreasonable delay. The distinction between the date upon which a legislative Act becomes a law and the date upon which that law becomes operative has been drawn in numerous other decisions by this Court. See Corpus v. Chorn, 136 Texas 209, 150 S. W. (2d) 70; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680; Anderson v. Penix, supra.

Where an Act is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative on the happening of some specific contingency or future event. Johnson v. Martin, 75 Texas 33, 12 S. W. 321; 16 C. J. S., p. 414, sec. 141; 9 Tex. Jur., 498.

■ It is asserted by respondent that the intention of the Legislature was conclusively demonstrated to the contrary by the passage of House Bill No. 1047, supra, which granted Gorham permission to sue the State, and deprived the State and the Department of the defense that the Act was not effective on December 7, 1937. While interpretations and construction by the Legislature of its Acts at the same or succeeding sessions are persuasive on the Court in the interpretation of statutes, they are not controlling. Caples v. Cole, 129 Texas 370, 102 S. W. (2d) 173, rehearing denied 129 Texas 370, 104 S. W. (2d) 3.

■ We therefore hold that the date upon which the insurance became effective and available to the employees of the Department was the date stated in the notice, required by the statute, which was sent by the Department to the Board,— towit, January 1, 1938, at 12:01 A. M.; and the State and the Department are not liable, under the general law, for injuries sustained prior to that time.

■ But it is contended by respondent that, in his particular case, the State and the Department were deprived of that defense by the subsequent enactment of House Bill No. 1047, supra, giving him the privilege of bringing suit against the State and the Department, and wherein it was provided that all defense should be available to the State and the Department, "except its failure to have compensation insurance and to comply with the law relevant thereto and to certify said Gorham as an employee, and except the Statute of Limitations. It being the purpose of this Act to make available to the said W. E. Gorham, all rights and privileges of Art. 6674s as if the Highway Commission had put said Act into effect prior to December 7, 1937."

The foregoing part of this Act is invalid for many reasons. To enumerate the following will suffice here: If this part of the Act be construed as an amendment to Article 6674s, it is ineffectual; because general laws can not be amended in this manner. Caples v. Cole, supra. It is also violative of Article III, Section 36, of the Texas Constitution, which forbids the amendment of a law without its being "re-enacted and published at length." If the Act be construed as a special law, depriving the State of a defense in a particular case, it is unconstitutional, as being violative of Section 3 of the Texas Bill of Rights, which provides that all men shall have equal rights. It is also violative of Article III, Section 56, of our State Consti-

tution, which provides that no local or special law shall be enacted where a general law can be made applicable. "The purpose of this constitutional inhibition against the enactment of local or special laws is a wholesome one. It is intended to prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible." Miller 'v. El Paso County, 136 Texas 370, 150 S. W. (2d) 1000. It certainly was not the intention of the framers of our Constitution that the State should have certain defenses against some individuals, but not against others similarly situated.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and judgment is here rendered in favor of petitioners.

Opinion delivered May 27, 1942.

Rehearing overruled June 24, 1942.