

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 18, 1968

The Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-326

Re: Construction of Article
12.01, Chap. 12, Title
122A, Taxation-General,
V.C.S., as amended, as
to non-profit corpora-
tions organized to
provide homes for people
who are sixty-two years
of age and older, with-
out regard to this
classification of purely
public charity.

Dear Mr. Calvert:

You ask our opinion in answer to whether the omission of
the paragraph specifically exempting corporations organized for
the purpose of providing homes for elderly persons from the
1968 amendment to the franchise tax statute effected an
imposition of the "additional franchise tax" imposed by that act
upon such corporations.

The facts are that in 1967 the Legislature amended sub-
section (1), Article 12.01, Chapter 12, Title 122A, Taxation-
General, Revised Civil Statutes of Texas, 1925, to impose an
additional franchise tax on that portion of taxable debt allo-
cable to Texas.[1] This act contained the following exemption:

---

1. Acts 1967, 60th Legislature, Chapter 359, Page 849, Section 1.
   This amendment became effective May 1, 1968. (Section 2 of
   the Act.)

- 1599 -

"The additional franchise tax levied by
this Subsection (1)(a)(11) shall not apply to
corporations organized for the purpose of pro-
viding homes for elderly people sixty-two (62)
years of age and older not for profit without
regard to whether such corporations are for
purely public charity."

The First Called Session of the same Legislature[2] amended
subsection (1), wholly omitting the exemption provision just
quoted and making other changes not relevant to the question we
have under consideration, none of which changes altered the
basic structure of the statute. This latter Act became effect-
ive October 1, 1968.

The caption of the 1968 amendment, in its relevant portions,
reads as follows:

"An Act raising revenue for the operation of
State government; ... amending Chapter 12, Title
122A, Taxation-General, Revised Civil Statutes of
Texas, 1925, as amended, to increase the corporate
franchise taxes;...."

The caption conforms to the body of the Act, and both are clear
and unambiguous.

It is the opinion of this office that this complete omission
of the paragraph, containing the exemption from the 1968 enact-
ment, effected its repeal. The omission of said paragraph is
within the purview of the caption of the Act, that is, to raise
revenue and to increase the corporate franchise tax, both of
which purposes are effected by the removal of the exemption which
appeared in the 1967 Act.

Article III, Section 36 of our State constitution provides
the answer to your question. It reads as follows:

---

2. Acts 1968, 60th Legislature, First Called Session, Chapter 2,
   Page 2, Section 1.

"No law shall be revived or amended by reference to its title; but in such case the Act revived, or the section or sections amended, shall be re-enacted and published at length."

Our courts have interpreted this provision literally. Humble Oil & Refining Co. v State, 104 S.W.2d 174 (Tex. Civ. App. 1936, ref.); State Highway Department v Gorham, 162 S.W.2d 934 (Tex. Sup. 1942).

As applied to your question, that section of our constitution simply means that the Act of 1968 completely supersedes the Act of 1967 in that the exemption provision in the 1967 Act was not carried forward by the Act of 1968; such paragraph was therefore wholly repealed.

## SUMMARY

By the omission of the above quoted paragraph from Acts 1968, 60th Legislature, First Called Session, Chapter 2, Page 2, Section 1, providing the exemption, the tax on taxable debt is now applicable to corporations organized for the purpose of providing homes for elderly people sixty-two (62) years of age and older not for profit without regard to whether such corporations are for purely public charity.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Arthur Skibell
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman

Jack Goodman
Bill Allen
Houghton Brownlee
W. O. Schultz

HAWTHORNE PHILLIPS
Staff Legal Assistant