THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


October 20, 1971

Mrs. Marie Winters
Commissioner
Office of Firemen's Pension
  Commissioner
503-F Sam Houston Building
Austin, Texas 78701

Opinion No. M-976

Re: Whether H.B. 281, Acts 62nd
    Leg., R.S. 1971, authorizes
    supplementary actuarial
    studies of less than the
    3 year periods of time autho-
    rized by Section 23C and 23D,
    of Art. 6243e, Vernon's
    Civil Statutes.

Dear Mrs. Winters:

In your letter requesting an opinion from this office, you submit the following facts:

"The Sixty-Second Legislature passed House Bill Number 281, which affects the eligibility of disabled firemen to draw full service-connected disability benefits if certain conditions are met. One of the conditions being, that an actuarial study must be made showing that inclusion of the proposed change in benefit eligibility standards will not make the fund financially unsound.

"Section 23C and 23D of the Firemen's Pension Law, passed in 1963 provides the employment of an Actuary 'no more than once every three (3) years and pay his compensation out of the Pension Fund.'

". . .

"The Fire Department of Beaumont, Texas, is desirous of putting the new standards of eligibility into effect as soon as possible, but can not do so

-4761-

without actuarial approval.  They have had a study made within the last year at an expense of $2,800.00.

"It is the opinion of this office that a supplementary actuarial study cannot be made under the present provisions of the Pension Law and that the purpose of setting the three year (3) limit to have the study made was done to protect the Pension Fund."

With regard to these facts you ask whether House Bill 281, Acts 62nd Legislature, Regular Session, 1971 (Ch. 747, p. 2392), authorizes supplementary actuarial studies within less than the 3 year period of time authorized by Sections 23C and 23D of Article 6243e, Vernon's Civil Statutes.

House Bill 281 became effective August 30, 1971, and is codified as Article 6243e-3, Vernon's Civil Statutes.  Section 1 of House Bill 281 establishes pension benefits for qualified firemen who die or become disabled from heart or lung disease.  Sec. 2 of House Bill 281, which is the section most pertinent to our discussion, is quoted as follows:

"Sec. 2.  Before any such Board shall adopt as part of its plan for retirement benefits the presumption, together with qualifications, set forth in Section 1 hereof, it shall take the following preliminary step(s):

"(a) Obtain an actuarial study showing how the proposed change in benefit eligibility standards will affect the financial condition of the fund.

"(b) In the event that such actuarial study shows that inclusion of the proposed change in benefit eligibility standards will not make the fund financially unsound, then said Board shall, within thirty days after receipt of such actuarial

study, hold an election in which the active participants contributing to the fund shall vote on the question of whether such benefit eligibility standard should be instituted, said Board being bound by the results of such election."

Sections 23C and 23D, Article 6243e, Vernon's Civil Statutes, enacted in 1963, are quoted respectively as follows:

"Sec. 23C.  In cities having a population of eight hundred thousand (800,000) or more according to the last preceding Federal Census, and only in such cities, the Board of Trustees of a Firemen's Relief and Retirement Fund coming under the provisions of this Act may employ an actuary no more than once every three (3) years and pay his compensation out of the pension fund.

"Sec. 23D.  In cities having a population of eight hundred thousand (800,000) or less according to the last preceding Federal Census, and only in such cities, the Board of Trustees of a Firemen's Relief and Retirement Fund coming under the provisions of this Act may employ an actuary no more than once every three (3) years and pay his compensation out of the Pension Fund." (Emphasis added.)

The provisions of Sections 23C and 23D of Article 6243e, Vernon's Civil Statutes, are plain and unambiguous.  Where a statute is plain and unambiguous, it must be enforced according to its words.  Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455 (1942) and State Highway Department of Texas v. Gorham, 139 Tex. 361, 162 S.W.2d 934 (1942).  Therefore, it is our opinion in answer to your question that no Board of Trustees of a Firemen's Relief and Retirement Fund of any city is authorized

to pay for an actuarial study out of the pension fund more than once every three years. We do not hold, however, that they may not pay for such a study more often than three (3) years from any other funds which may be available to them for that purpose.

### S U M M A R Y

A Board of Trustees of a Firemen's Relief and Retirement Fund governed by the provisions of Article 6243e, Vernon's Civil Statutes, may not pay for an actuarial study out of monies from the pension fund more often than once every three (3) years.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Mel Corley
Roland Allen
Robert Davis
Camm Lary

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant