

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 12, 1973

The Honorable Russell Cummings
Executive Director
Texas Mass Transportation Commission
1013 San Jacinto
Austin, Texas 78701

Opinion No. H- 98

Re: Interpretation of § 3(e)
of Senate Bill 642, 63rd
Legislature, as to whether
governing body of a prin-
cipal city or the Rapid
Transit Authority is to
submit plan for review

Dear Mr. Cummings:

Your letter requesting our opinion is directed to a question concern-
ing the procedure for the creation of a Rapid Transit Authority pursuant
to Senate Bill 642 of the 63rd Legislature (Acts 1973, 63rd Leg., ch. 141,
p. 302). This statute will be codified as Article 1118x, Vernon's Texas
Civil Statutes. Generally it authorizes the creation and organization in
metropolitan areas of rapid transit authorities. Their creation is governed
by § 3 which requires the governing body of a metropolitan area, either on
its own motion or upon being presented with a petition signed by not less
than 5,000 qualified voters, to institute proceedings to create such an
authority. The first step required is the adoption of an ordinance or reso-
lution fixing a time and place for a public hearing on the proposal. [§ 3(a)]

Subsection (b) of § 3 requires that notice of such hearing be published.
Subsection (c) relates to the conduct of the hearing. Subsection (d) provides
that if, after such hearing, the governing body of the principal city finds that
the creation of the system would be of benefit,etc., it shall adopt an ordinance
creating the authority and prescribing its boundaries.

Finally, Subsection (e) provides:

"After such hearing by the governing body of
such authority, the said authority shall submit the
proposed plan to the governor's interagency trans-
portation council for their review and comment."
(emphasis added)

p. 447

Your question to us is:

> "Since the 'governing body of such authority'
> has not held any 'such hearing,' is it the intent of
> this subsection to direct the governing body of the
> principal city rather than the governing body of
> authority to submit the plan to the Governor's
> Interagency Council for review and comment?"

In construing the statutes it is always our purpose to so construe them as to give effect to the Legislature's intent. State v. Jackson, 376 S. W. 2d 341 (Tex. 1964); Calvert v. British-American Oil Producing Co., 397 S. W. 2d 839 (Tex. 1966).

Normally, unambiguous language will be interpreted literally. However, as it is stated in 53 Tex. Jur. 2d, Statutes, § 140, p. 203, with ample support in the authorities:

> "It is not the function of the judiciary to correct
> legislative errors, mistakes, or omissions. If the
> language of a statute is plain, a court will not eliminate
> or supply a word or clause on the supposition that it was
> included or omitted by inadvertence. But obvious errors
> or mistakes of a clerical, grammatical, or typographical
> nature may be disregarded. . . ." (emphasis added)

To that extent, where necessary, courts may add or delete language. Sweeny Hospital District v. Carr, 378 S. W. 2d 40 (Tex. 1964); State v. Shoppers World Inc., 380 S. W. 2d 107 (Tex. 1964).

As we read Subsection (e) of § 3 it is clear that the Legislature intended that it read:

> "After such hearing by the governing body of
> such principal city, the principal city shall submit
> the proposed plan to the governor's interagency
> transportation council for their review and comment."

Any other construction would be meaningless in view of the fact that at the time to which reference is made, i.e., "After such hearing," the "proposed plan" is the plan of the principal city to create an authority. The authority, if it is even in existence at that time, will have no plan. The purpose of the notice is to secure the assistance of the council in organizing the authority and formulating its plan. We should not adopt a construction of a statute which would result in an absurdity. State Highway Department v. Gorham, 162 S.W. 2d 934 (Tex. 1942); Dovalina v. Albert, 409 S.W. 2d 616 (Tex. Civ. App., Amarillo, 1966, err. ref., n.r.e.)

Further, as we substitute "principal city" for "authority" in one place in the subsection, it is our opinion that "said authority" elsewhere in the subsection should likewise refer to the same governmental body, i.e., the city.

We therefore answer your question that the notice to be given to the Governor's Interagency Council should come from the governing body of the principal city.

SUMMARY

Section 3(e) of Senate Bill 642, 63rd Legislature, should be read to require that notice of a proposed plan for a Rapid Transit Authority shall be furnished to the Governor's Interagency Transportation Council by the governing body of the principal city rather than by the governing body of the authority.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee