Office of the Attorney General
State of Texas



DAN MORALES
ATTORNEY GENERAL

March 3, 1992

Honorable Stephen C. Howard
Orange County Attorney
Orange County Courthouse
Orange, Texas 77630

Opinion No. DM-94

Re: Whether a county may tax property as new property upon expiration of a tax abatement contract (RQ-77)

Dear Mr. Howard:

You have asked for our opinion as to whether the addition of the value of taxable property due to the expiration of a tax abatement contract is considered "[n]ew property value" under section 26.012(17) of the Tax Code. We conclude that it is not.

We understand that Orange County, pursuant to authority granted to it in the Property Redevelopment and Tax Abatement Act (the Tax Abatement Act), chapter 312 of the Tax Code, has executed sixteen tax abatement contracts since 1986. Under the Tax Abatement Act, counties, as taxing units, may enter into written tax abatement agreements with owners of taxable real property located within a properly designated reinvestment zone.[1] Tax Code § 312.402(a). In the written agreement, the county may agree to exempt from taxation a portion of the value of the real property for a period not to exceed ten years, on the condition that the owner of the otherwise taxable real property make specific improvements or repairs to the property. Id. (incorporating section 312.204(a)); see also id. § 11.28. Among the tax abatement contracts Orange County has executed, the earliest expiration date is January 1, 1992. Thus, in 1992 Orange County will tax for the first time new facilities the property owners built during the time the tax abatement agreement was in effect. You believe that the value of these new facilities should be "[n]ew property value" to Orange County for the purposes of calculating the effective tax rate under chapter 26 of the Property Tax Code (the code).

Pursuant to chapter 26 of the code, each of the state's taxing units, including counties, annually must appraise and assess all property located within the

_____

[1]To be designated as a reinvestment zone, an area must satisfy several criteria articulated in Tax Code section 312.202(a).

boundaries of the taxing unit for purposes of ad valorem taxation. 69 TEX. JUR. 3d *Taxation* §§ 248-49, 347 (1989). As part of the annual process, a county's chief appraiser compiles appraisal records listing, among other items, the names of real property owners, the appraised value of each piece of real property, and the kind of partial exemption, if any, the owner is entitled to receive. *Id.* §§ 248-49; 34 T.A.C. § 155.4(b). Upon completion of the appraisal records and the appraisal review board's approval of the records, the chief appraiser submits appraisal rolls[2] for county taxes to the county's assessor, who determines the total appraised value[3] of all real property within the county, the total assessed value[4] of all real property within the county, and the total taxable value of property that the county may tax. Tax Code § 26.04(a); 69 TEX. JUR. 3d, *supra*, § 347 (1989). To determine the total taxable value, the assessor deducts from the total assessed value the amount of any applicable partial exemptions. Tax Code § 1.04(10); 69 TEX. JUR. 3d, *supra*, § 158 (1989).

Based on the assessor's calculations, the county's governing body calculates the county's effective tax rate. Tax Code § 26.04(c) (as amended by Acts 1987, 70th Leg., ch. 947, § 3). The code sets out the following formula for a taxing unit's use in determining the effective tax rate in dollars per $100 of taxable value:[5]

EFFECTIVE TAX RATE = $\frac{\text{(LAST YEAR'S LEVY - LOST PROPERTY LEVY)}^6}{\text{(CURRENT TOTAL VALUE - NEW PROPERTY VALUE)}}$

---

[2]The "appraisal records" become the "appraisal roll" when the appraisal review board approves the records. Tax Code §§ 25.24, 26.01(a); 69 TEX. JUR. 3d *Taxation* § 259 (1989).

[3]The "[a]ppraised value" is an amount determined through the use of the code's provisions governing appraisal and procedures. Tax Code § 1.04(8).

[4]The "[a]ssessed value" is the amount determined by multiplying the applicable assessment ratio by the appraised value. Tax Code § 1.04(9).

[5]We note that the legislature amended subsection 26.04(c) of the Tax Code twice in 1987. *See* Acts 1987, 70th Leg., ch. 849, § 2; Acts 1987, 70th Leg., ch. 947, § 3. Both chapters 849 and 947 of Acts 1987 specify ways to calculate the tax rate. Without deciding whether the two are irreconcilably repugnant, we note that the Property Tax Division of the State Comptroller's Office (formerly the State Property Tax Board) has adopted the mathematical formula articulated in chapter 947. *See* STATE PROPERTY TAX BOARD, TRUTH IN TAXATION 1991: A GUIDE FOR SETTING TAX RATES, at 4 (1991). We therefore use the version of subsection 26.04(c) that agency has adopted.

[6]The code defines "[l]ast year's levy" as

the amount of taxes that would be generated by multiplying the total tax rate adopted by the governing body in the preceding year by the total taxable value

Tax Code § 26.04(c)(1) (footnote added).[7] The current total value figure required in the calculation refers to the current total *taxable* value of property listed on the appraisal roll for the current year, thus excluding all property exempt or partially exempt from taxation. *Id.* § 26.012(6).

Obviously, the correct determination of the effective tax rate requires the correct new property value figure. The code defines "[n]ew property value" as

> the total taxable value of property added to the appraisal roll in the current year by annexation and improvements listed on the appraisal roll that were made after January 1 of the preceding tax year, including personal property located in new improvements that was brought into the unit after January 1 of the preceding tax year.

*Id.* § 26.012(17). You claim that, if the definition of "[n]ew property value" in section 26.012(17) of the Tax Code is read literally, "the addition of taxable property in the context of a tax abatement will never be new property" (emphasis in original) because the improvements were made prior to January 1 of the preceding year,

---

(footnote continued)
> of property on the appraisal roll for the preceding year, including all appraisal roll supplements and corrections as of the date of the calculation.

Tax Code § 26.012(13). The code defines "[l]ost property levy" as

> an amount of taxes levied in the preceding year on property value that was taxable in the preceding year but is not taxable in the current year because the property is exempt in the current year under a provision of this code other than Section 11.251 [concerning tangible personal property transported outside the state], the property has qualified for special appraisal under Chapter 23 of this code in the current year, or the property is located in territory that has ceased to be a part of the unit since the preceding year.

*Id.* § 26.012(15). *See generally* Attorney General Opinion MW-495 (1982) at 2 (discussing Property Tax Code section 26.04(c)(3), "the amount of taxes imposed in the preceding year on taxable value that is exempt in the current year").

[7]A county's effective tax rate is the "sum of all the effective tax rates calculated for each type of tax the county levies." *Id.* § 26.04(d) (as amended by Acts 1987, 70th Leg., ch. 947, § 3). For purposes of this opinion, we are concerned only with the calculation of an individual effective tax rate.

despite the fact that because of the property's exempt status, the value of the improvements to the property never has been part of the taxable value figures.

The Tax Code requires us to construe its provisions using the Code Construction Act, *id.* § 1.03, pursuant to which we must read the words of a statute in context and construe them according to the rules of common usage. Gov't Code § 311.011(a). This statutory requirement is consistent with Texas case law which recognizes that words in a statute should be given their ordinary and popular meaning unless a contrary intent is clearly apparent from the use of the words in their statutory context or unless doing so would subvert the plain purpose of the legislature in enacting the statute. 67 TEX. JUR. 3d *Statutes* § 100 (1989) (and authorities cited therein); *see also State Highway Dep't v. Gorham*, 162 S.W.2d 934, 936 (Tex. 1942) (courts must effect purpose indicated by language of the act read as a whole); Attorney General Opinion JM-1104 (1989) at 2 (courts must follow statutory language if unambiguous).

As stated above, the county annually listed an appraised value for the real property and improvements that were subject to the county's tax abatement agreements on the county's appraisal roll even though the property was exempt. On its face, the definition of "[n]ew property value," which includes only the value of annexations and improvements "listed on the appraisal roll that were made after January 1 of the preceding tax year," unambiguously excludes improvements that were listed on the appraisal roll over one year ago, even if the property has been exempt from taxation. We find no legislative history that indicates the legislature intended, contrary to the unambiguous language of section 26.012(17) of the Tax Code, to include in the definition of "[n]ew property value" the value of improvements to exempt property that occurred over one year ago.

Furthermore, the Property Tax Division of the State Comptroller's Office (formerly the State Property Tax Board) interprets the definition of "[n]ew property value" only to include additions to existing improvements or new or separate structures added to a property containing existing improvements made after January 1 of the preceding year. STATE PROPERTY TAX BOARD, TRUTH IN TAXATION 1991: A GUIDE FOR SETTING TAX RATES, at 4, (1991); *see also id.* at 13, No. 18 (defining "[n]ew" to include only new improvements and new personal property not listed on the preceding year's appraisal roll). In general, courts will give weight to an agency's interpretation of a statute, unless the agency interpretation is contrary to the clear meaning of an unambiguous statute. Attorney General Opinion JM-1149 (1990) at 2; 2 TEX. JUR. 3d *Administrative Law* § 7 (1979). In our opinion, the

Property Tax Division's interpretation of the definition of "[n]ew property value" accurately reflects the plain meaning of an unambiguous statute.

Accordingly, under the definition of "[n]ew property value" found in section 26.012(17), the key to determining "[n]ew property value" is to determine whether the county had the power to levy a tax on the value of the property last year. Here, the county had the power to tax the property covered by the tax abatement agreement during the entire period the agreement was in effect; the county chose, however, not to tax the property. Thus, unless the improvements occurred during the preceding tax year, the value of the improvements to the exempted property do not constitute "[n]ew property value" within the meaning of sections 26.012(17) or 26.04(c)(1) of the code. Instead, the value of the improvements to the previously exempted property must be included in the "[c]urrent total value" figure, an amount explicitly defined to include the value of all currently taxable property. Tax Code § 26.012(6).

Under the code, after the county governing board has calculated the effective tax rate according to the procedures discussed above, it sets the proposed tax rate, a rate that will raise sufficient revenues to pay the county's debt service and fund the county's anticipated maintenance and operation expenditures for the next year. *Id.* § 26.05(a). If the county's proposed tax rate exceeds 103 percent of the calculated effective tax rate, the county governing board must notify its constituents and hold a public hearing. *Id.* § 26.05(d); *see id.* § 26.06 (establishing requirements for notice, hearing, and vote); STATE PROPERTY TAX BOARD, TRUTH IN TAXATION 1991: A GUIDE FOR SETTING TAX RATES, at 4, 8-9 (1991) (stating requirements for notice, hearing, and vote). You state in your brief, however, that if we construe the code's definition of "[n]ew property value" to exclude the value of improvements to previously exempted property, "the county's effective tax rate will change by more than 3% forcing the county to publish notice and hold public hearings which will be misleading to its citizens."

Admittedly, whether or not the value of the improved property is considered part of the county's new property value affects the calculation of the effective tax rate. If the current total value of taxable property is increased, then the tax rate must be lowered below 100 percent of the effective tax rate to raise the same amount of tax dollars as the previous year. Contrary to the statement in your brief, however, the notice and public hearing requirements are not activated until the county proposes a tax rate in excess of 103 percent of the effective tax rate calculated pursuant to section 26.04 of the Tax Code.

## SUMMARY

The value of improvements to real property exempted for a period of years pursuant to a tax abatement agreement is not "[n]ew property value" for purposes of chapter 26 of the Property Tax Code, unless the improvements were made after January 1 of the preceding tax year.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly Oltrogge
Assistant Attorney General