Johnny Lee PERONE, Appellant,

v.

TEXAS DEPARTMENT OF CORRECTIONS, Appellee.

No. 1206.

Court of Civil Appeals of Texas, Tyler.

June 7, 1979.

Rehearing Denied June 5, 1979.

W. Richard Ellis, III, Ramsey & Murray, Houston, for appellant.

Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court sustaining a plea of privilege filed by the Texas Department of Corrections, defendant below.

This case arose out of a collision between a truck, belonging to the Texas Department of Corrections and being driven by James Trull, an inmate at the Department of Corrections in Huntsville, Texas, and an automobile owned by Johnny Lee Perone, plaintiff below. Plaintiff initiated this suit against James Trull and the Texas Department of Corrections, alleging negligence on the part of both defendants, to recover for property damages sustained in the collision by plaintiff's automobile.

On November 23, 1977, Texas Department of Corrections, appellee, filed its "Plea To The Jurisdiction" alleging that appellee had governmental immunity and therefore the allegations in plaintiff's original petition failed to state a cause of action against appellee. Appellee concluded that "this Honorable Court has no jurisdiction in plaintiff's alleged cause of action against the Texas Department of Corrections." Appellee prayed "that as to it this cause be dismissed at cost of the plaintiff." On the same day, appellee also filed its plea of privilege, subject to the plea to the jurisdiction, seeking to transfer the cause to Walker County, Texas. In response, appellant, by its controverting plea, asserted that venue was properly placed in Harris County, Texas, on the basis of section 9a of Article 1995, Tex.Rev.Civ.Stat.Ann. Prior to the hearing on the plea of privilege, appellee requested the court to overrule its plea to the jurisdiction, and the trial court so ruled. The venue hearing was then had before the court without aid of a jury, and the trial court sustained appellee's plea of privilege. No findings of fact or conclusions of law were requested by any party and none were filed.

From this adverse order, appellant has perfected this appeal predicated upon three points of error. Appellant contends that the trial court erred in sustaining appellee's plea of privilege because (1) appellee waived its plea of privilege, (2) appellant proved the necessary venue facts to sustain the controverting plea under section 9a of Article 1995, supra, by a preponderance of the evidence, and (3) the trial court refused to allow appellant to introduce testimony to establish the necessary venue facts under section 9a of Article 1995, supra. The primary question is that of waiver *vel non* of appellee's plea of privilege. After careful consideration of the record, we have concluded that appellee, by its own action in invoking the general jurisdiction of the court, has effectively waived its plea of privilege.

It is well settled that any party to a lawsuit may expressly or impliedly waive

rights conferred upon him by a venue statute. *Crosby v. Heldt Brothers Trucks*, 394 S.W.2d 235, 237 (Tex.Civ.App.—San Antonio 1965, n. w. h.); *Mooney Aircraft, Inc. v. Adams*, 377 S.W.2d 123, 125 (Tex.Civ.App.—Dallas 1964, n. w. h.); McDonald, Texas Civil Practice, Vol. 1, section 4.40, p. 566 (1965). An implied waiver occurs when a party, often inadvertently, takes some action which is inconsistent with his position on the venue issue. *Olympic Trampolines, Inc. v. Bashaw*, 462 S.W.2d 345, 347 (Tex. Civ.App.—Houston [14th] 1970, n. w. h.); *Mooney Aircraft, Inc. v. Adams*, supra at 126. An inconsistent action resulting in waiver is one in which the party invokes the general jurisdiction of the trial court without reservation of the rights asserted under the plea of privilege. The test to be applied is whether the party invoked the action of the trial court without first insisting on his plea of privilege. *H. Molsen & Company, Inc. v. Williamson*, 510 S.W.2d 366, 368 (Tex.Civ.App.—Dallas 1974, n. w. h.); *Empire Life Insurance Company of America v. State of Texas*, 492 S.W.2d 366, 368 (Tex. Civ.App.—Austin 1973, n. w. h.); *First State Bank & Trust Company of Rio Grande City v. Colpaugh*, 489 S.W.2d 675, 678 (Tex.Civ.App.—San Antonio 1972, n. w. h.); *Mooney Aircraft, Inc. v. Adams*, supra.

The jurisdiction of the court over a party should of course be considered prior to addressing the question of venue, where the jurisdiction will be exercised. *Starr Gas Company v. Employers Casualty Company*, 436 S.W.2d 188, 189 (Tex.Civ.App.—El Paso 1968, dism'd); Rule 120a, T.R.C.P. In the instant case, appellee's "Plea To The Jurisdiction" does not question the court's jurisdiction on the ground that appellee is not amenable to process issued by a Texas court, but it raises a plea in bar, that of governmental immunity. This plea was never withdrawn, and appellee's plea of privilege was expressly subject thereto. Appellee submitted the plea to the jurisdiction to the trial court for determination prior to disposition of its plea of privilege and obtained a ruling thereon. In so doing, appellee invoked the general jurisdiction of the trial court and waived its plea of privilege.

Appellee replies that it could not waive its plea of privilege under the express provisions of Article 4411, Tex.Rev.Civ.Stat. Ann., which provides that "[n]o admission, agreement or waiver, made by the Attorney General, in any action or suit in which the State is a party, shall prejudice the rights of the State." This argument is wholly without merit. When the state becomes a litigant, it must observe and will be bound by the same rules of procedure that apply to all litigants. The laws and rules governing evidence, burden of proof, cross complaints, pleadings, instructed verdicts and summary judgments bind the state and all other litigants uniformly. *Lowe v. Texas Tech. University*, 540 S.W.2d 297, 301 (Tex. Sup.1976); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 7–8 (Tex. Sup.1974); *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562, 563 (1943). Article 4411, supra, is not controlling in the present case.

In light of our disposition of appellant's first point of error, we need not address the remaining points. The judgment of the trial court sustaining the plea of privilege of the Texas Department of Corrections is reversed and judgment is here rendered overruling such plea of privilege. The cause is remanded to the trial court for further proceedings.