**EMPLOYEES RETIREMENT SYSTEM OF TEXAS, Appellant,**

v.

**Wanda BASS, Appellee.**

**No. 11–91–109–CV.**

Court of Appeals of Texas, Eastland.

Oct. 8, 1992.

Rehearing Denied Oct. 8, 1992.

Jinnifer S. Riggs, Christopher J. Maczka, Atty. Gens. Office, Milton S. Heath, Asst. Gen. Counsel, Employee Retirement System of Texas, Austin, for appellant.

Jim Ammerman, II, Brad Morin, Parish, Parish & Ammerman, Gilmer, for appellee.

## OPINION

ARNOT, Justice.

Billy Wayne Bass was a volunteer fireman in the Harmony Volunteer Fire Department. On February 17, 1989, Mr. Bass responded to a call for emergency services at the scene of a school bus accident. At the scene of the accident, paramedics were administering aid to the occupants of the school bus and to the occupants of the other vehicle involved in the accident. None of the children on the bus were injured. Sometime after the fire truck arrived at the scene, Mr. Bass was discovered unconscious and slumped over in the passenger's seat of the fire truck. The paramedics attempted to revive him. Mr. Bass had died, the victim of a fatal heart attack.

Claiming that Mr. Bass had suffered a violent death in the course of performance of duty, Wanda Bass, the widow of the victim, brought an administrative action seeking recovery of benefits under TEX. REV.CIV.STAT.ANN. art. 6228f (Vernon 1970 & Pamph.Supp.1992). The agency denied Mrs. Bass' claim finding that Mr. Bass' death was the result of cardiac arrest due to coronary artery disease.

Mrs. Bass appealed the decision to the district court for a trial "de novo." Trial was to the court. Based upon deemed admissions and the evidence, the trial court entered judgment awarding Mrs. Bass the statutory amount of $20,000. The Employees Retirement System of Texas (ERS) appeals. We reverse and remand.

The State provides financial assistance to the surviving spouse of any member of organized volunteer fire departments where such member suffers a violent death in the course of the performance of his duties. Article 6228f, section 1. "Violent death in the course of performance of duty" means the loss of life resulting from exposure to a risk inherent in the particular duty performed and which the general public is not customarily exposed. Article 6228f, section 2(a)(1). "Organized volunteer fire departments" means a unit consisting of not less than 20 active members who perform a minimum of 2 drills each month and who render fire fighting services without remuneration. Article 6228f, section 2(a)(6). In case of such a violent death, the State will pay the surviving spouse $20,000. Article 6228f, section 3(a). The Act is to be administered by the ERS. Article 6228f, section 4.

In its first point of error, the ERS claims that the district court did not have jurisdiction to consider the appeal because Mrs. Bass failed to file a sufficient motion for rehearing. We disagree.

A person who is dissatisfied with any agency's final order is permitted to obtain judicial review. This appeal must comply with the provisions of the Administrative Procedure and Texas Register Act (APTRA), TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Pamph.Supp.1992). Section 16(e) of this Act provides that a motion for rehearing in the agency is a "prerequisite" to judicial review. Motions for rehearing under APTRA Section 16(e) are required to be "sufficiently definite" to apprise the regulatory agency of the errors claimed and to allow the agency an opportunity to correct the error or prepare to defend it. *Suburban Utility Corporation v. Public Utility Commission of Texas,*

652 S.W.2d 358 (Tex.1983). Allegations that the agency's final order, "as such," "as a body," or "as a whole" is "not supported by substantial evidence" are too general to comply with Section 16(e); and such allegations do not confer jurisdiction upon the district court. *Burke v. Central Education Agency,* 725 S.W.2d 393 (Tex. App.—Austin 1987, writ ref'd n.r.e.). In *Burke,* the court held that Section 16(e) requires the motion for rehearing to (1) identify the claimed error (2) with sufficient additional information that the agency can correct it or prepare to defend against the claim that it is error.

The ERS claims Mrs. Bass' allegations were too general to identify the claimed error. We disagree. The only point of contention between the parties in this case is whether Mr. Bass suffered a violent death in the course of his duties. Mrs. Bass claimed that the heart failure was brought on by the stress resulting from the call for emergency service involving the possibility of injuries to school children. The ERS claims that Mr. Bass' heart failure was due to a chronic heart deterioration and disease. Mr. Bass had previously undergone bypass surgery. The ERS claims that it was his disease, not the accident, that caused Mr. Bass' death.

In the sixth allegation in her motion for rehearing, Mrs. Bass asserts:

> Finding of Fact No. 12 adopted by the Board is wrong since coronary artery diseases did not cause Billy Wayne Bass' death in and of itself and would not have caused his death but for the increased stress and turmoil caused solely as a result of being an emergency volunteer fire fighter called on an emergency call involving potential risk of serious injury to children. The cause of Billy Wayne Bass' death on the occasion in question is a risk inherent in the duties of a volunteer fire fighter.

In Finding of Fact No. 12, the examiner found that: "risk of cardiac arrest caused by coronary artery disease is not a Risk inherent in the duties of a volunteer fire fighter when arriving at the scene of a motor vehicle collision." These allegations identified the claimed error.

Also, the ERS claims that Bass' motion for rehearing did not present valid legal objections to the agency's order. The ERS argues that the standard of review was by substantial evidence. Hence, the only valid legal objections against the agency's order are those listed in APTRA, Section 19(e), and none of these objections were made in the motion for rehearing. We disagree.

■ Article 6228f, section 6 provides: "Proceedings on appeal shall be by trial *de novo as in the appeals from the justice court to the county court.*" (Emphasis added). We find no cases interpreting this statute. However, in *Cortez v. State Board of Morticians,* 306 S.W.2d 243 (Tex. Civ.App.—San Antonio), *writ dism'd w.o.j.,* 308 S.W.2d 12 (Tex.1957), an appeal from an order of the examiners canceling Cortez' license as an embalmer and funeral director, the court examined the following similar language of TEX.REV.CIV.STAT. ANN. art. 4582b (Vernon Pamph.Supp. 1992): "When any such appeal is perfected the trial thereon shall be conducted de novo, as in the case of an appeal from the Justice Court to the County Court." After reviewing the law regarding the application of the substantial evidence rule, the *Cortez* court held that the rule did not apply and that Cortez was entitled to a full and complete trial of his case disregarding the ruling appealed from. We find the reasoning of the *Cortez* court to be sound.

APTRA, Section 19(b) and (e) contemplates that review from agency orders shall be by the substantial evidence rule unless otherwise provided by statute. Article 6228f provides that appeals are to be de novo the same as in appeals from the justice court to the county court. The substantial evidence rule does not apply. See *Cortez* and the cases cited therein.

To support its argument that the substantial evidence rule should apply, the ERS cites as authority *Firemen's and Policemen's Civil Service Commission v. Brinkmeyer,* 662 S.W.2d 953 (Tex.1984). However, the statute considered in *Brinkmeyer,* TEX.REV.CIV.STAT.ANN. art.

1269m, § 18 (1947) (repealed effective September 1, 1987), now TEX. LOCAL GOV'T CODE ANN. § 143.015 (Vernon 1988), is distinguishable; it provides that on appeal trial shall be by trial de novo. This is the same statutory language examined and rejected by the *Cortez* court.

The allegation in Mrs. Bass' motion for rehearing identified the error claimed with sufficient information that the agency could correct it or prepare to defend against it. The first point of error is overruled.

In its second point of error, the ERS claims that Mrs. Bass' motion for rehearing was not timely filed. We disagree.

Article 6228f, section 6 states that a person may appeal the denial of her claim within 20 days after the date the claimant receives notice of the denial of the claim. APTRA, Section 16(e) provides that a motion for rehearing is a prerequisite to an appeal. The motion for rehearing must be filed within 20 days after the party is notified of its final decision. The motion for rehearing is overruled by operation of law after 45 days if it is not acted on by the court. APTRA, Section 16(c) provides that a decision is final and appealable on the date of rendition of the order overruling the motion for rehearing.

The ERS denied Mrs. Bass' claim in writing by letter dated November 28, 1989. It was received December 2, 1989. The motion for rehearing was filed December 12, 1989. The motion for rehearing was overruled by operation of law on January 16, 1990, 45 days later. Notice of appeal was due 20 days from the final decision on January 16, 1990. Mrs. Bass's notice of appeal was filed on January 24, 1990. The second point of error is overruled.

Mrs. Bass served a request for admissions and written interrogatories on the Attorney General of Texas. The interrogatories were forwarded to the ERS, answered, and duly returned. However, the admissions were misfiled and overlooked.

The requests were as follows:

DO YOU ADMIT OR DENY:

1. That on or about the 17th day of February, 1989, Billy Wayne Bass was a member of the Harmony Volunteer Fire Department?

2. That on or about February 17, 1989, Billy Wayne Bass died while engaged in his duties as a member of the Harmony Volunteer Fire Department?

3. That Billy Wayne Bass suffered a violent death in the course of his performance of his duty as that term is defined in *Article 6228F, Section 2(a)(1), V.A.C.S.?*

4. That Mrs. Wanda Bass timely submitted her claim for benefits as the surviving spouse of Billy Wayne Bass?

5. That Plaintiff has met all the necessary prerequisites to bringing this suit. (Emphasis in original)

TEX.R.CIV.P. 169(1) provides that each matter is admitted without necessity of a court order unless, within 30 days after service, the request is answered. TEX. R.CIV.P. 169(2) provides that any matter admitted under the rule is conclusively established as to the party making the admission unless the court permits the withdrawal of the deemed admission upon a showing of good cause and finds that the party relying upon the deemed admission will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby.

At trial, as it does on appeal, the ERS argued that it should have been allowed to withdraw or amend the deemed admissions because its failure to answer was the result of accident or mistake rather than conscious disregard or deliberate mistake. The trial court found that good cause did not exist. Based on the deemed admissions, the trial court entered judgment for Mrs. Bass.

In its fourth point of error, the ERS argues that the trial court abused its discretion in rendering judgment on the basis of the deemed admissions because they violate TEX. GOV'T CODE ANN. § 402.004 (Vernon 1990). We agree.

After the trial court entered judgment, the ERS filed a motion for new trial. For the first time, the ERS complained that the

deemed admissions prejudice the rights of the State in violation of Section 402.004. Section 402.004 states that an admission, agreement, or waiver made by the Attorney General in an action or suit to which the State is a party does not prejudice the rights of the State. This motion for new trial was not brought to the attention of the trial court and was subsequently overruled by operation of law.[1]

Mrs. Bass argues that the State failed to object at trial to the admissions on this basis.[2] She argues that, when the State becomes a litigant, it must observe and will be bound by the same rules of procedure that apply to all litigants, citing as authority: *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974); and *Perone v. Texas Department of Corrections*, 583 S.W.2d 880 (Tex. Civ.App.—Tyler 1979, writ dism'd).

In *Herring*, the court was reviewing written interrogatories and not admissions. The court held that TEX.REV.CIV.STAT. ANN. art. 4411 (1945) (repealed effective September 1, 1987), now TEX. GOV'T CODE ANN. § 402.004 (Vernon 1990), did not apply to interrogatories. The court said:

This court does not believe that the State will be in any way prejudiced by a full revelation of the *facts* involved in a case; the Attorney General will not be called upon to make admissions, agreements and waivers. (Emphasis in original)

In *Lowe*, the court held that the State had to respond to interrogatories as just any other litigant had to but that "the Attorney General" will not be called upon to make admissions, agreements, or waivers contrary to Article 4411. In *Perone*, the court held that the State had invoked the general jurisdiction of the trial court and waived its plea of privilege. The court held that Article 4411 was not applicable.

Unlike *Herring*, *Lowe*, and *Perone*, clearly, the admissions in this case do more than reveal the true facts. As deemed, they impose liability without regard to the true facts, and they prejudice the rights of the State. An admission of the attorney general cannot prejudice the rights of the State. The deemed admissions violate Section 402.004. The fourth point of error is sustained. Having found error, we find that such is not harmless. TEX.R.APP.P. 81(b)(1). Because we have sustained the fourth point of error, we need not address the third, fifth, and sixth points of error.

1. There is no longer a "presentment" requirement for a motion for new trial. TEX.R.CIV.P. 329(b). See *Cecil v. Smith*, 804 S.W.2d 509 (Tex.1991). As discussed in the dissent of *Cecil v. Smith*, 804 S.W.2d 509 (Tex.1991). As discussed in the dissent of *Cecil v. Smith*, supra, it does seem inconsistent with TEX.R.APP.P. 52(a) for an appellate court to be required to hold that a trial court abused its discretion when the complained of error was never called to the trial court's attention.

2. The rule prohibiting the State from making admissions of liability has its genesis in the common-law doctrine of "governmental immunity," which doctrine has long been recognized to exist in Texas. In *Adams v. Harris County*, 530 S.W.2d 606, 608 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), *cert. den'd*, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976), the court said:

The weight of authority in Texas holds the government's immunity from suit is independent from its immunity from liability. *Missouri Pacific R.R. v. Brownsville Nav. Dist.* 453 S.W.2d 812, 813 (Tex.Supp.1970); *Childs v. Greenville Hospital Authority*, 479 S.W.2d 399

(Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.). Legislation authorizing suits against the state is to be strictly construed against interpretation as an admission of liability. *Buchanan v. State*, 89 S.W.2d 239 (Tex.Civ. App.—Amarillo 1936, writ ref'd). Indeed, while the state may waive immunity from suit, it may not waive its immunity from liability by means of special legislation for the benefit of a particular party, thus denying all citizens the equal protection of the law as guaranteed by the Texas Constitution. *Martin v. Sheppard*, 145 Tex. 639, 201 S.W.2d 810, 812 (1947); *State Highway Dept. v. Gorham*, 139 Tex. 361, 162 S.W.2d 934, 937 (1942). However, we do not equate the prohibition provided by Section 402.004 to the common-law defense of "governmental immunity" which must be pled or it can be waived. See *Davis v. City of San Antonio*, 752 S.W.2d 518 (Tex.1988), and *Bullock v. Regular Veterans Association of the U.S., Post No. 76*, 806 S.W.2d 311 (Tex.App.—Austin 1991, no writ). The statutory protection of Section 402.004, unlike an affirmative defense under TEX.R.CIV.P. 94, in this case was timely raised in appellant's motion for new trial.

The judgment of the trial court is reversed, and the cause is remanded for trial on the merits.