NUMBER 13-06-227-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DENISE GUZMAN AND TITO MARINES, 

INDIVIDUALLY AND ON BEHALF OF THE

ESTATE OF DAVID MARINES, DECEASED, 

AND MARC ROSENTHAL, Appellants,


v.


TEXAS MUTUAL INSURANCE COMPANY 

AND DIANE THIELE, Appellees.

 


On appeal from the 126th District Court of Travis County, Texas.


 

 

MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 

Attorney Marc G. Rosenthal appeals an order sanctioning him $2,000.00 for abusing
the judicial process. We are constrained to affirm the trial court's ruling. 

Factual and Procedural Background

 On January 17, 2006, Rosenthal filed an application for temporary restraining order
("TRO") and temporary injunction in the 126th Judicial District Court, Travis County, the
Honorable Scott Jenkins presiding. The TRO was filed against Texas Mutual Insurance
Company and Diane Thiele in an effort to enjoin Texas Mutual from making any workers'
compensation benefit payments to Denise Guzman and Tito Marines, the survivor of David
Marines. (1) The record is unclear as to whether Judge Jenkins denied the TRO or simply
refused to rule at the time. (2) On January 18, 2006 Rosenthal filed a Notice of Non-Suit
dismissing all claims against Texas Mutual and Diane Thiele. See Tex. R. Civ. P. 162. On
January 19, Rosenthal re-filed the application for TRO in Cameron County. On the
afternoon of January 19, Cameron County Court at Law No. 3 granted the TRO and
thereafter entered an injunction stopping workers' compensation benefits. (3) 

 On January 26, still within the Travis County District Court's plenary power, Texas
Mutual filed a Motion for Sanctions against Rosenthal in Travis County. (4) The motion for
sanctions alleged that Rosenthal's conduct in filing and obtaining the TRO in Cameron
County constituted bad faith as a matter of law for three reasons: (1) Rosenthal
deliberately circumvented the Travis County District Court, (2) Rosenthal sought and
obtained the Cameron County TRO ex parte in violation of Texas Rule of Civil Procedure
680 (governing temporary restraining orders), and Cameron County Civil Court Rule 1.3
(Ex parte orders), and (3) Rosenthal had no good faith basis in law or fact for Cameron
County venue. On February 17, 2006 Travis County District Judge, the Honorable Lora
Livingston, heard the motion for sanctions and ordered Rosenthal to pay $3,000 in
sanctions and found that: (1) "[s]eeking the TRO from a second court after the TRO was
not granted by the first court was improper forum-shopping, constituting bad-faith abuse
of the judicial process within the Court's inherent sanctions power. It interfered significantly
with the Travis County District Court's exercise of a traditional core judicial function," (2)
"[i]n connection with forum-shopping," "both the Travis County TRO Application and the
Cameron County TRO Application[s] allege facts supporting Travis County venue," and (3)
"sanctions in the amount of $3,000 are appropriate to compensate Texas Mutual, and to
punish [Rosenthal] for and to deter such forum-shopping." 

 On February 23, Rosenthal moved for reconsideration of the sanctions order. On
March 9, after a hearing, Judge Livingston granted in part and denied in part, Rosenthal's
motion for reconsideration of the sanctions. Judge Livingston subsequently entered an
order reducing the sanctions award from $3,000 to $2,000, and ordering Texas Mutual to
refund $1,000 to Rosenthal. This appeal ensued. 

Analysis In this case, we are not reviewing a sanctions order based upon discovery
proceedings or the content of a pleading. Thus, the trial court's "inherent power" appears
to be source of power for its sanction. Texas courts have the inherent power to sanction
for an abuse of the judicial process that may not be covered by any specific rule or statute. 
In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997); Kings Park Apartments, Ltd. v. Nat'l Union
Fire Ins. Co., 101 S.W.3d 525, 541 (Tex. App.-Houston [1st Dist.] 2003, pet. denied);
Island Entm't, Inc. v. Castaneda, 882 S.W.2d 2, 5 (Tex. App.-Houston [1st Dist.] 1994, writ
denied). A trial court may call upon this inherent power to sanction a party if it finds that
to do so will aid in the exercise of court's jurisdiction, in the administration of justice, and
in the preservation of its independence and integrity. Eichelberger v. Eichelberger, 582
S.W.2d 395, 398-99 (Tex. 1979); Roberts v. Rose, 37 S.W.3d 31, 33 (Tex. App.-San
Antonio 2000, no pet.). The court's inherent power to sanction, however, is not absolute;
a court may exercise its power to sanction only to the extent necessary to deter, alleviate,
and counteract bad faith abuse of the judicial process, such as any significant interference
with the administration of the court's core functions. Kutch v. Del Mar Coll., 831 S.W.2d
506, 510 (Tex. App.-Corpus Christi 1992, no writ). These core functions include hearing
evidence, deciding issues of fact raised by the pleadings, deciding questions of law,
entering final judgment, and enforcing that judgment. Id. A court's power to sanction is
further limited by due process. Id. at 511; Bennett, 960 S.W.2d at 40. The traditional due
process protections of notice and hearing are required before a trial court can impose
sanctions upon a party. Kutch, 831 S.W.2d at 511. In this case, however, there are no
such due process concerns as Rosenthal received both notice and a hearing before being
sanctioned.

 To uphold a sanction imposed under the court's inherent power, the record must
indicate that the conduct complained of significantly interfered with the court's legitimate
exercise of one of its core functions. Id. at 510. We review the trial court's imposition of
sanctions under an abuse of discretion standard. Bennett, 960 S.W.2d at 40. A trial court
abuses its discretion when it acts without reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In order to
find an abuse of discretion and reverse the sanctions order, we must determine that Judge
Livingston could issue but one ruling--that sanctions were not warranted. See id. Our
scope of review is the entire record that was before the trial court. See Kutch, 831 S.W.2d
at 508. We review the conflicting evidence in the light most favorable to the trial court's
ruling, and draw all reasonable inferences in favor of the court's judgment. See id. We
may not substitute our judgment for that of the trial court. Schlager v. Clements, 939
S.W.2d 183, 191 (Tex. App.-Houston [14th Dist.] 1996, writ denied). Further, where the
trial court issues findings of fact and conclusions of law, we treat the court's findings with
the same force and dignity as a jury's verdict upon jury questions and review its
conclusions of law de novo. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991); Smith v. Smith, 115 S.W.3d 303, 306 (Tex. App.-Corpus Christi 2003, no pet.). We
rely on the fact finder to resolve disputed facts and accord those facts the same status as
if they were determined by a jury. Black v. City of Killeen, 78 S.W.3d 686, 691 (Tex.
App.-Austin 2002, pet. denied). 

 The record before the trial court included testimony from Rosenthal that Judge
Jenkins "decided he wasn't going to grant the TRO" and "denied the critical relief." It also
included Rosenthal's testimony that the Travis County TRO was non-suited "since the
primary relief requested was denied" and that the same application for temporary
restraining order and temporary injunction was then presented to the Cameron County
Court. Rosenthal explained that there was no law that prohibited him from taking a second
bite at the apple and that, since Judge Jenkins decided he was not going to grant the TRO,
his only choice, and duty to his client, was to find another judge who would grant it, which
he did. The sanctions hearing focused on why Rosenthal non-suited the Travis County
TRO and re-filed it in Cameron County after Judge Jenkins had denied it when he could
have sought reconsideration or mandamus relief and when venue was most likely
appropriate in Travis County. During the sanctions hearing, Judge Livingston asked
Rosenthal why he proceeded the way he did when he could have asked another court in
Travis County to reconsider the TRO. Rosenthal responded that he filed in Cameron
County because "I was in the Brownsville office." At the hearing, Rosenthal conceded that
it would have been appropriate for him to ask for reconsideration in Travis County and
further conceded that based on the facts alleged against the parties venue was appropriate
in Travis County, but then also asserted that there was "a potential basis for venue in
Cameron County by virtue of joining the defendant, who was a truck driver in the underlying
accident" who may have been a resident of Cameron County or Hidalgo County. He went
on to testify that he believed he could knowingly file a case in the wrong county because
"all courts in Texas have jurisdiction, and it would be on the burden-the burden will be on
the defendant to file a motion to transfer venue." Essentially, Rosenthal conceded to
Judge Livingston that he had no good-faith basis for filing the TRO in Cameron County. 
In making her ruling, Judge Livingston explained:

It's the forum shopping that bothers me most. You could no more, I don't
think, appropriately go from Judge Jenkins' courtroom to mine, or to any of
the other district judges here in Travis County, and try to get them do what
Judge Jenkins just told you not to. I don't think that is appropriate under any
circumstances, and I don't think it's appropriate to go all the way to another
county in the state to do that either. 


The failure to even consider an appeal is troubling. The failure to even
consider a mandamus is even more troubling. That was the first thing that
came to my mind, an hour and a half ago, when you stood up and said that
Judge Jenkins didn't give you what you wanted, and in the same breath
argued that your client's rights are at stake, there's no adequate remedy, and
that it's a matter of equity. I mean, all of those things scream mandamus. 
And yet you didn't consider it, nor pursue it as an option before just going to
another court to try to get a yes answer when you'd been told no before that. 

 

 While we do not express an opinion as to whether Rosenthal's actions necessarily
constitute improper forum-shopping, based upon the record before us, we conclude that
the trial court did not abuse its discretion by imposing sanctions upon Rosenthal for his
actions. Accordingly, Rosenthal's first issue is overruled.

 By a second issue, Rosenthal contends Texas Mutual had waived any argument it
may have had regarding whether venue was appropriate in Cameron County by
participating in the temporary injunction hearing before a ruling was made on its motion to
transfer venue. Rosenthal asserts that such waiver "specifically contradicted any venue
findings in the Travis County district court's sanctions order. . . ." However, as noted
above, in making her ruling and as stated in the order, Judge Livingston expressly
excluded any venue challenges in assessing sanctions. In any event, we note that
Rosenthal has failed to provide this court with appropriate citations to authorities in support
of this contention. See Tex. R. App. P. 38.1(h). The only case cited by Rosenthal, Perone
v. Tex. Dep't. of Corrections, 583 S.W.2d 880, 882 (Tex. Civ. App.-Tyler 1979, writ
dism'd), is not on point, and Rosenthal has failed to attempt to explain or reconcile this
case with his contentions. See Tex. R. App. P. 38.1(h). Accordingly, Rosenthal's second
issue is overruled.

 The judgment of the trial court is affirmed.

 


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 17th day of May, 2007.

1. The underlying cause of action arose after an accident in Colorado County in which Guzman and
Marines were picking up trash along the highway when they were struck by a car. Rosenthal's temporary
injunction sought to enjoin Texas Mutual and Diane Thiele from paying workers' compensation benefits
pending a determination of whether, at the time of the accident, Guzman and Marines, were independent
contractors or employees subject to the workers' compensation framework. 
2. The record is lacking any order or reporter's record of the TRO hearing. Appellees contend Judge
Jenkins denied the TRO. Rosenthal contends "Judge Jenkins did not rule or enter any order regarding the
[TRO]." 
3. Since the inception of appellate proceedings, Guzman and Marines requested, and were granted,
a non-suit in the Cameron County proceedings. See Tex. Mut. Ins. Co. v. Guzman, No. 13-06-060-CV, 2006
Tex. App. LEXIS 7234 (Tex. App.-Corpus Christi Aug. 17, 2006, no pet.).
4. The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point
for determining when a trial court's plenary power expires. In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997). In
the present case, an order dismissing the case was not signed until June 23, 2006. Accordingly, Texas
Mutual's motion for sanctions was filed within the Travis County District Court's plenary power. A trial court
is free to "impose[] sanctions while it retains plenary jurisdiction" even when a motion for sanctions is filed after
the notice of nonsuit is filed. Scott & White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996). 
It is only after plenary jurisdiction has expired that a trial court may not sanction counsel for pre-judgment
conduct. Id. at 596 & n.2; see also BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 840 (Tex. 1990) (providing
that a right to nonsuit is absolute unless there is a pending claim for affirmative relief or a motion for
sanctions).


 Further, for appellate purposes, we note that appellate timetables do not run from the date a nonsuit
is filed, but rather from the date the trial court signs an order of dismissal. See In re Bennett, 960 S.W.2d at
38 (citing Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) ("The appellate timetable does not
commence to run other than by a signed, written order, even when the signing of such an order is purely
ministerial.")). We note that, given the trial court's delay in signing the dismissal order, Rosenthal's notice of
appeal, filed on March 28, 2006, was premature, but later deemed filed when the trial court signed the
dismissal order on June 23. See Tex. R. App. P. 27.1 (providing that, in civil cases, a prematurely filed notice
of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting
the appeal).